**Haskell W. MITCHELL, Appellant,**

v.

**MISSOURI–KANSAS–TEXAS
RAILROAD COMPANY,
Appellee.**

**No. 01–86–00564–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 10, 1987.

Rehearing Denied Jan. 28, 1988.

W. Douglas Matthews, Timothy F. Lee, Schmidt & Matthews, Houston, for appellant.

Gay C. Brinson, Jr., Brock C. Akers, Vinson & Elkins, Houston, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

**OPINION**

WARREN, Justice.

This is an appeal from a take-nothing judgment in an F.E.L.A. case.

In two points of error, appellant claims that the trial court erred in submitting, over his objection, the following instruction to Special Issue No. 3:

In answering this issue, you are instructed that, before negligence, if any, can be established against the Defendant, [sic] Railroad, it must be shown that the Defendant Railroad, through its officers, agents, and/or employees, knew, or, in the exercise of ordinary care, should have known of an unsafe condition, if any.

Appellant claims that the instruction was error because it:

(1) improperly instructed the jury that the plaintiff must prove foreseeability in an F.E.L.A. case; and

(2) the instruction amounted to a comment on the weight of the evidence, because it instructed the jury that the plaintiff must prove foreseeability.

Appellant was injured when he allegedly slipped while boarding a moving engine in the dark. He claimed that the steps, platform, and grab iron were coated with ice, which caused him to slip and fall while attempting to board the engine.

Plaintiff's formal pleadings, among other things, alleged that that ice-coated engine constituted a violation of the Boiler Inspection Act, and constituted a violation of appellee's duty to furnish appellant with a safe place to work.

The jury found that there was ice on the engine, but failed to find that the steps, platform, or grab iron on the engine were in an unsafe condition.

■ Appellant's initial contention is based on the premise that the instruction of which he complains requires the plaintiff to prove foreseeability. We construe the instruction as one pertaining to knowledge or notice of a defective or dangerous condition, rather than foreseeability.

The instruction given by the court in our case is quite similar to the one refused by the trial court, but approved by the Sixth Circuit Court of Appeals in *Baynum v. Chesapeake and Ohio Railway*, 456 F.2d 658 (6th Cir.1972).

In *Miller v. Cincinnati, New Orleans and Texas Pacific Railway*, 317 F.2d 693, 695 (6th Cir.1963), the court restated the rule that in F.E.L.A. actions, where negligence is essential to recovery, a defendant could not be convicted of negligence for a defective condition, absent proof that such defect was known, or should, have been known by the defendant with an opportunity to correct it. In *Rogers v. Missouri Pacific Railroad*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), and *Wilkerson v. McCarthy*, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497 (1949), the Supreme Court of the United States affirmed the proposition that actual or constructive notice of a defect by the defendant must be proved before recovery can be had on negligence arising out of the defect.

Appellant's first point of error is overruled.

■ Appellant's second point of error, urging that the foreseeability charge amounted to a comment on the weight of the evidence must also be overruled because we have held that the instruction pertained to notice rather than to foreseeability.

■ Appellant makes the logical argument that if he was required to prove notice of the defect as a prerequisite to a recovery on his negligence issue, then appellee likewise should be required to prove that appellant had notice of the defect before he could be adjudged contributorily negligent. We agree with this reasoning, but note that appellant requested no instruction regarding his knowledge of the defects. Any such complaint is waived. Tex.R.Civ.P. 273.

Appellant's second point of error is overruled.

The judgment is affirmed.

LEVY, J., dissents.

LEVY, Justice, dissenting.

Whether the court's instruction given in this Federal Employers' Liability Act case includes, or is equivalent to, the challenged "foreseeability" component of causation, thereby imposing a greater burden on the appellant than F.E.L.A. allows, is the vexatious question before us. Appellant admits in his brief that the jury charge is otherwise correct, and appellee contends that the instruction in question is a necessary and proper element of the court's charge.

The Texas Supreme Court firmly and clearly provided guidelines for Texas trial courts in F.E.L.A. cases when it declared in *Dutton v. Southern Pacific Transportation*, 576 S.W.2d 782, 784 (Tex.1978), that railroad workers have a right to "have causation of their injuries determined by the simple test of whether they resulted 'in whole or in part' from the railroad's negligence."

This test, which is provided by the federal act itself, 45 U.S.C. §§ 51–60 (1982), is obviously much less burdensome than the common law requirements of "proximate cause," which traditionally have demanded more proof of causation from the plaintiff than federal law permits. Congress has imposed extraordinary burdens on the railroads, the United States Supreme Court has observed, principally to maintain a safe workplace for their employees. *Coray v. Southern Pacific Co.*, 335 U.S. 520, 524, 69 S.Ct. 275, 277, 93 L.Ed. 208 (1949). Accordingly, it is undisputed that M–K–T had a non-delegable duty to provide its workers with a safe place to work. Whether that duty pivots upon knowledge of an unsafe condition, and whether such knowledge is an essential component of F.E.L.A.-defined "negligence," are the basic issues of this litigation.

In this case, the trial court instructed the jury that before it could determine negligence on the defendant's part, the plaintiff had to show that M–K–T "knew, or, in the exercise of ordinary care, *'should have known'* of the unsafe condition." (Emphasis supplied.) To me, this appears perilously close to, if not identical with, the foreseeability component of probable cause, which is, essentially, nothing less than the ability to reasonably anticipate consequences. It thus seems inconsistent with the Congressional purpose in altering "proximate cause" to "F.E.L.A. cause" so as to establish liability merely when a defendant's negligence played any part, *even the slightest,* in producing an injury. See *Rogers v. Missouri Pac. R.R.*, 352 U.S. 500, 506–07, 77 S.Ct. 443, 448–49, 1 L.Ed.2d 493 (1957). It is relevant, although perhaps trite, to observe that this case involves appellant's substantive *federal* rights, inasmuch as it arises under the F.E.L.A., and federal law is controlling, excepting only procedural questions. These questions, however, may not compromise appellant's rights under the F.E.L.A. *See generally Scott v. Atchison, T. & S.F. Ry.*, 572 S.W. 2d 273, 276, 281–82 (Tex.1978) (op. on reh'g).

Foreseeability of harm in an F.E.L.A. case is an ingredient only in establishing the scope of legal duty owed by the railroad, but that is a question of law for the court, not a question of fact for the jury. *See Atchison, T. & S.F. Ry. v. Standard*, 696 S.W.2d 476 (Tex.App.—Eastland 1985, writ ref'd n.r.e.). The court may, however, instruct the jury on the *nature* of the duty owed, as appellee contends, so that the jury would be able to determine whether negligence has been proved by applying that legal duty to the facts of the case.

Further, I agree with the appellant's argument in his second point of error, that jury instructions that are unnecessary and that influence the jury, *even if quite subtly,* in favor of one of the parties—no matter if the instructions are correct statements of the law—are reversible error in a closely contested case, as this case obviously was. *See Acord v. General Motors Corp.*, 669 S.W.2d 111 (Tex.1984). Because the instruction was unnecessary and singled out a special, if not superfluous, factor for the jury's consideration, the Texas Supreme Court held in *Acord* that, functionally, it was a comment on the weight of the evidence, and tended by its emphasis to incline the jury towards the defendant.

Even if the instruction in question was theoretically correct in its statement of F.E.L.A. law, it was arguably unnecessary for the jury's resolution of the issues, and focused the jury's attention on the necessity for the appellant to prove that the M–K–T "should have known" of the unsafe condition. I do not agree with appellee's argument that this principle is inherently applicable only to products liability or design defect cases. This instruction was an indirect but powerful comment on the evidence, and even indirectly on the case as a whole—which the record reveals was vehemently contested. As such, it tended to tilt or nudge the jury away from finding the M–K–T negligent and toward finding the appellant negligent, and thereby constituted harmful error. *See Lemos v. Montez*, 680 S.W.2d 798 (Tex.1984).

For the foregoing reasons, I would sustain both of appellant's points of error,

reverse the trial court's judgment, and re-
mand for a new trial.