H.W. MITCHELL, Petitioner,

v.

**MISSOURI–KANSAS–TEXAS
RAILROAD COMPANY,**
Respondent.

No. C–7286.

Supreme Court of Texas.

Feb. 21, 1990.

W. Douglas Matthews, Timothy F. Lee, Houston, for petitioner.

Gay C. Brinson, Jr., Brock Akers, Houston, for respondent.

## ON MOTION FOR REHEARING

RAY, Justice.

Petitioner's motion for rehearing is granted. Our opinion and judgment of July 5, 1989, reported at 32 Tex.Sup.Ct.J. 526, are withdrawn, and the following opinion is substituted.

The issue presented involves the propriety of an explanatory jury instruction in a case brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (1986) ("FELA"), and the Federal Boiler Inspection Act, 45 U.S.C. § 23 (1986). Haskell W. Mitchell sued the Missouri–Kansas–Texas Railroad Company ("M–K–T") for damages based on injuries received during the course of his employment with the railroad company. After the jury failed to find negligence against M–K–T, the trial court rendered judgment that Mitchell take nothing. The court of appeals affirmed the judgment of the trial court. 743 S.W.2d 666. We reverse the judgment of the court of appeals and remand the cause for a new trial.

While attempting to board an M–K–T locomotive, Mitchell was injured after slipping from its steps. According to Mitchell, ice had formed on the steps and grab-irons of the engine and thus caused him to slip from the train. The jury found that ice was present on the train, but failed to find that M–K–T was negligent under the FELA in maintaining a reasonably safe workplace or in providing reasonably safe equipment. With respect to the claim asserted under the Federal Boiler Inspection Act, the jury also failed to find that the steps and grab-irons were in an improper condition and unsafe to operate.

Prior to the submission of the jury questions, Mitchell objected to a portion of the instructions pertaining to the issue of M–K–T's alleged negligence under the FELA. The question and the contested portion of the instruction read as follows:

## SPECIAL ISSUE NO. 4

Whose negligence, if any, was a cause, in whole or in part, however slight, of the occurrence of January 21, 1984 which has been made the basis of this suit?

\* \* \* \* \* \*

In answering this issue, you are instructed that, before negligence, if any, can be established against the Defendant, Railroad, it must be shown that the Defendant–Railroad, through its officers, agents and/or employees, knew, or, in the exercise of ordinary care, should have known of an unsafe condition, if any.

Mitchell attacks this instruction for two basic reasons. First, he argues that the instruction violated his federal substantive rights under the FELA by placing the issue of foreseeability before the jury. Second, Mitchell characterizes the instruction as being an improper comment on the weight of the evidence. On the basis of these two theories, Mitchell claims that the instruction should not have been given and constitutes reversible error.

We hold only that the trial court erred in submitting an erroneous instruction to the negligence question, and therefore do not address Mitchell's second argument. The challenged instruction effectively forced Mitchell to prove foreseeability in order to establish causation and thereby caused a greater burden to be placed on Mitchell than is permitted under the Federal Employers' Liability Act.

### I.

This instruction effectively forced the plaintiff to prove foreseeability in order to establish causation, in clear violation of the substantive requirements of the FELA. It "appears perilously close to, if not identical with, the foreseeability component of

probable cause, which is, essentially, nothing less than the ability to reasonably anticipate consequences." 743 S.W.2d at 668 (Levy, J., dissenting). A jury should not be instructed on foreseeability as a component of proximate cause in an FELA case. This is because under the FELA a plaintiff need not prove traditional common-law proximate cause, which is the combination of cause-in-fact and foreseeability. In an FELA case, a plaintiff is only required to prove that the railroad's negligence played any part, even the slightest, in producing the injury or death for which damages are sought. 45 U.S.C. §§ 51–60 (1986); *Rogers v. Missouri Pac. R.R.*, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957). Thus, common-law proximate cause plays no part in determining liability in an FELA case and requiring proof of it is reversible error. *Page v. St. Louis S.W. Ry. Co.*, 312 F.2d 84 (5th Cir.1963); *Dutton v. Southern Pac. Transp.*, 576 S.W.2d 782 (Tex.1978).

It is settled that a cause of action is established under the Federal Employers Liability Act whenever the negligence of the employer played any part, however small, in the injury which is the subject of the suit. *Rogers, supra.* Foreseeability is thus not a part of the causation standard as to negligence in FELA cases. It is less clear, however, whether foreseeability remains an element of the employer's duty of care. Mitchell cites authorities which appear to impose an absolute duty to provide a safe place to work, regardless of whether the railroad knew or should have known of the dangerous condition. *See, e.g., Shenker v. Baltimore & O.R.R. Co.*, 374 U.S. 1, 10, 83 S.Ct. 1667, 1673, 10 L.Ed.2d 709 (1963); *Duncan v. St. Louis–San Francisco Ry. Co.*, 480 F.2d 79, 83 (8th Cir.1973). On the other hand, a number of authorities indicate that reasonable foreseeability of harm is an element in determining the employer's duty to provide a safe place to work. *See, e.g., Gallick v. Baltimore & Ohio Railroad Co.*, 372 U.S. 108, 117, 83 S.Ct. 659, 665, 9 L.Ed.2d 618 (1963); *Urie v. Thompson*, 337 U.S. 163, 178, 69 S.Ct. 1018, 1028–29, 93 L.Ed. 1282 (1949); *Richardson v. Missouri Pac. Ry. Co.*, 677 F.2d 663, 665 (8th Cir.1982); *Almendarez v. Atchison, T. & S.F. Ry. Co.*, 426 F.2d 1095, 1099 (5th Cir.1970); *Miller v. Cincinnati, New Orleans & Tex. Pac. Ry. Co.*, 317 F.2d 693, 700 (6th Cir.1963); *Kaminski v. Chicago River & Indiana Ry. Co.*, 200 F.2d 1, 4 (7th Cir.1952). While time has vindicated Justice Frankfurter's pessimistic observation that "so long as negligence rather than workmen's compensation is the basis of recovery, just so long will suits under the Federal Employers' Liability Act lead to conflicting opinions about 'fault' and 'proximate cause,'" *Wilkerson v. McCarthy*, 336 U.S. 53, 66, 69 S.Ct. 413, 419, 93 L.Ed. 497 (1949) (Frankfurter, J., concurring), we believe that under the weight of authority foreseeability remains an element of duty.

## II.

The central question for our determination is whether, under the facts of this case, the court or the finder of fact should decide whether the risk was sufficiently foreseeable to impose a duty on the defendant.

M–K–T offers several federal decisions which suggest or imply that the issue of whether the employer knew or reasonably should have known of the risks posed by its workplace is a question of fact for the jury to decide in FELA cases.

Mitchell argues that Texas law governs this question. Since the existence of a legal duty is a question of law in Texas, Mitchell argues that the submission of an instruction to the jury on foreseeability in an FELA case is improper. *See, Atchison, T. & S.F. Ry. v. Standard*, 696 S.W.2d 476, 479 (Tex.App.—Eastland 1985, writ ref'd n.r.e.). State law dictates whether the court or finder of fact should determine duty and its factual elements. While federal law governs the substantive rights of the parties in FELA cases, procedural matters are governed by applicable state rules when tried in state court. *St. Louis Sw. Ry. Co. v. Dickerson*, 470 U.S. 409, 411, 105 S.Ct. 1347, 1348, 84 L.Ed.2d 303 (1985); *Scott v. Atchison, T. & S.F. Ry. Co.*, 572 S.W.2d 273, 276 (1978). This court has

recognized that "rules relating to the form, *necessity*, and effect of jury issues are procedural rather than substantive if they do not interfere with a right or defense provided by the F.E.L.A." *Dutton v. Southern Pac. Transp.*, 576 S.W.2d 782, 784 (Tex.1978) (emphasis added). As no substantive right or defense of the statute is affected by this determination, we look to the law of this state to resolve this issue.

▮▮▮ In Texas, the existence of a duty is a question of law. *See, e.g., Oldaker v. Lock Constr. Co.*, 528 S.W.2d 71, 77 (Tex. Civ.App.—Amarillo 1975, writ ref'd n.r.e.); *Rodriguez v. Carson*, 519 S.W.2d 214, 216 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.); *Webb v. City of Lubbock*, 380 S.W.2d 135, 136 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.); *City of Bryan v. Jenkins*, 247 S.W.2d 925, 928 (Tex.Civ.App. —Waco 1952, writ ref'd n.r.e.); *see also* 1 *Texas Torts and Remedies* § 1.03[2] at 1–22 (J. Edgar & J. Sales eds.1989); Kilgarlin & Sterba–Boatwright, *The Recent Evolution of Duty in Texas*, 28 So.Tex.L.Rev. 241, 245 (1986). The imposition of a legal duty "depends on such factors as contemporary attitudes on social, economic, and political questions," and their application to the particular facts at hand. 1 *Texas Torts and Remedies* § 1.03[2] at 1–22. In one recent case, for example, this court noted that "factors which should be considered in determining whether the law should impose a duty are the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury and consequences of placing that burden on the employer." *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983). Among these factors, foreseeability has traditionally been considered the most significant. *See Genell, Inc. v. Flynn*, 163 Tex. 632, 637, 358 S.W.2d 543, 546–47 (1962).

While foreseeability as an element of duty may frequently be determined as a matter of law, in some instances it involves the resolution of disputed facts or inferences which are inappropriate for legal resolution. *See* 1 *Texas Torts and Remedies* § 1.03[2]. As the court of appeals explained in *Bennett v. Span Industries, Inc.*, 628 S.W.2d 470, 474 (Tex.App.—Texarkana 1981, writ ref'd n.r.e.):

> The existence of duty is a question of law when all of the essential facts are undisputed, but when the evidence does not conclusively establish the pertinent facts or the reasonable inferences to be drawn therefrom, the question becomes one of fact for the jury. A particularly appropriate case for such a rule is one as here, where the risk reasonably to be perceived defines the duty to be obeyed; i.e., where knowledge and foreseeability are important elements of duty.

This is clearly a case when the existence of a duty depends upon "the factual setting and the interplay of factual and legal questions." Kilgarlin & Sterba–Boatwright, *supra*, 28 S.Tex.L.Rev. at 245 (1986). Whether or not the railroad knew or should have known that ice had formed on the steps and grab-irons of the engine is, when the evidence is in conflict, the type of issue which is properly and best resolved by the finder of fact.

We hold that the question of the employer's knowledge may be one for the jury; however, in this case, the instruction confused the issue of foreseeability relating to duty with the concept of causation. This confusion effectively forced Mitchell to prove foreseeability in order to establish causation, in clear violation of the substantive requirements of the FELA. This improper jury instruction was harmful and constitutes reversible error.

▮▮ A proper, succinct and well-drafted instruction for such cases in Texas may be had by the use of the *Pattern Jury Instructions* for FELA cases adopted by the Judicial Council of the Fifth Circuit. This FELA instruction to the jury reads, in part, as follows:

> In order to prevail on this claim the Plaintiff must prove each of the following elements by a preponderance of the evidence:
>
> 1. That at the time of the Plaintiff's injury, Plaintiff was an employee of

the Defendant performing duties in the course of his employment.

2. That the Defendant was at such time a common carrier by railroad, engaged in interstate commerce.

3. That the Defendant was 'negligent' as claimed by the Plaintiff; and

4. That such negligence was a 'legal cause' of damage sustained by the Plaintiff.

'Negligence' is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in *doing* something that a reasonably careful person would *not* do under like circumstances, or in *failing* to do something that a reasonably careful person *would* do under like circumstances.

For purposes of this action, negligence is a 'legal cause' of damage if it played any part, no matter how small, in bringing about or actually causing the injury or damage.

*Id.* This instruction is proper for Texas FELA cases, in that it (1) satisfies the FELA by having the jury make a determination of FELA "legal cause" rather than common-law "proximate cause," and (2) does not place the issue of duty before the jury.

Use of the preceding *Pattern Jury Instructions* will allow the jury to decide disputed facts relating to the employer's knowledge, will allow the court to decide the legal question of duty, and will prevent the jury from regarding a finding of foreseeability as a prerequisite to its answering the causation issue affirmatively.

In this case, the instruction effectively required Mitchell to prove foreseeability in order to prove causation. This instruction violated his federal substantive rights under the FELA and constitutes reversible error.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded for a new trial.

HECHT, J., files a dissenting opinion in which GONZALEZ, COOK and HIGHTOWER, JJ., join.

COOK, J., files a dissenting opinion.

## ON REHEARING

HECHT, Justice, dissenting.

I dissent. In essence, the Court holds that juries in FELA cases must not be told what the law is lest they become confused and find for the wrong party. I do believe the Court has achieved a new level in result-oriented decision making.

The Court accurately states the law under FELA. A railroad is liable for damages suffered by its employees in the course of employment caused by its negligence in allowing a dangerous condition to exist in the workplace. Its responsibility is not limited to damages it should have foreseen would result, but extends to all damages in any way caused by its negligence. However, a railroad is not an absolute insurer of the safety of the workplace. It is not negligent in allowing a dangerous condition to exist if it neither knew nor should have known of that condition. Whether a railroad knew or should have known of the existence of a dangerous condition in a given case is an issue to be determined by the finder of facts in that case.

Applying the law to this case, the Court acknowledges that there is an issue here whether the M–K–T knew or should have known that ice would form on the steps and grab-irons of the engine where Mitchell slipped, and that this issue was for the jury to decide. The Court does not say, and apparently does not think, that the trial court misstated the law when it instructed the jury "that, before negligence, if any, can be established against the Defendant, Railroad, it must be shown that the Defendant–Railroad, through its officers, agents and/or employees, knew, or, in the exercise of ordinary care, should have known of an unsafe condition, if any." Indeed, this instruction states the law exactly as the Court does. Nevertheless, even though the jury in this case should have decided whether the M–K–T knew or should have

known of the ice, and even though the trial court properly instructed the jury accordingly, the Court holds that it was reversible error to give the instruction.

Why is it reversible error to give the jury an accurate statement of the law on an issue it must decide? Here is the Court's answer in its entirety:

> in this case, the instruction confused the issue of foreseeability relating to duty with the concept of causation. This confusion effectively forced Mitchell to prove foreseeability in order to establish causation, in clear violation of the substantive requirements of the FELA.

How the instruction confuses duty and causation the Court does not explain. The jury was specifically asked whether any negligence of the M–K–T "was a cause, in whole or in part, however slight, of the occurrence". To find against the M–K–T, the jury had to find that it knew or should have known of the unsafe condition caused by the ice, that it was negligent in allowing the condition to exist, and that its negligence was a cause, "however slight", of Mitchell's injuries. Given that these are the required findings for liability, and the Court agrees that they are, I cannot imagine how the jury could have been instructed on them any more clearly.

What suggestion does the Court offer for instructing the jury correctly on the elements of the law it has reiterated in its opinion? A "proper, succinct and well-drafted instruction for such cases", the Court says, is one which does not mention in any way that a railroad is not liable for conditions it does not and cannot know about, like the one the Court sets out in its opinion. Surely this is a most remarkable result. The jury must decide what the railroad knew or should have known, the Court states, but the jury must not be told that they must decide the issue or they will be confused. To be absolutely sure that the jury will not become confused, just do not breathe a word to them about what the law is. It is acceptable to say in Supreme Court opinions that a railroad is not an insurer of the workplace, but don't tell the jury. If they heard such an instruction,

they might actually believe it and find for the railroad. One cannot be too sure.

If a correct instruction could confuse the jury, why wouldn't admissible evidence and proper argument pose the same threat? There is evidence in this case that the railroad did not know and could not have known of the dangerous condition that injured Mitchell. Should that evidence have been excluded? Counsel argued this evidence to the jury. Was that argument improper? Why should the jury be permitted to hear evidence and argument on an issue it is not to decide? The Court does not answer these questions, I think, because it cannot.

There are two honest ways of resolving the dilemma the Court has made for itself. One is to hold that the instruction in this case was proper. Perhaps it should not be given in cases in which it is clearly established that the railroad knew or should have known of the dangerous condition, but in cases like this one, it is necessary. The other alternative is to hold that a railroad has an absolute duty to provide a safe place to work, regardless of whether it knew or should have known of the dangerous condition. Then the instruction is always improper and should not be given. Why does the Court not elect one of these two alternatives? Perhaps it has, only without saying so.

I would hold that the instruction in this case was correct and did not improperly comment on the evidence. I would affirm the judgment of the court of appeals. Accordingly, I dissent.

GONZALEZ, COOK and HIGHTOWER, JJ., join in this dissenting opinion.

COOK, Justice, dissenting.

I join the dissent but write separately. Rule 277 of the Texas Rules of Civil Procedure charges Texas trial courts with responsibility for submission of jury instructions. Tex.R.Civ.P. 277. Texas appellate courts have noted for some time that the rule allows a trial court considerable discretion in submitting those instructions. *See Scott v. Houston Indep. School Dist.*, 641

S.W.2d 255, 257 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The rule respects the unique ability of the trial court to ascertain the facts and issues arising from the evidence presented by the parties in the particular case before the court. In close cases such as this one, we should retain respect for the discretion of Texas trial courts and allow them to fashion instructions that are suited to the cases before them.