TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00573-CV






Heart of Texas Produce Company, Inc., Appellant




v.




Mary Mahaffey, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 97-13337-A, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 







 Plaintiff Kimberly Baum sued appellant Heart of Texas Produce Company, Inc.
("Heart of Texas") to recover damages for negligence, breach of contract, and fraud. Heart of
Texas filed a third-party claim against its former president, appellee Mary Mahaffey, for
contribution and indemnity for her negligent acts. Mahaffey filed a no-evidence motion for
summary judgment under Texas Rule of Civil Procedure 166a(i) claiming that there was no
evidence Mahaffey was negligent. The trial court granted Mahaffey's motion. On appeal, Heart
of Texas asserts in a single issue that the trial court erred in granting Mahaffey's summary-judgment motion. We will reverse and remand.


FACTUAL AND PROCEDURAL BACKGROUND


 Baum became an employee of Heart of Texas on February 25, 1997. When she was
hired, Mahaffey, who was then president of Heart of Texas, promised Baum that she and her
husband would be added to the company's group insurance policy at the end of her first thirty days
of employment. As president, Mahaffey was the only employee with the authority to waive the
usual ninety-day waiting period for insurance coverage. After the thirty days had passed, Heart
of Texas began deducting the insurance premiums from Baum's paychecks. However, the
insurance carrier (1) neither received Baum's application nor was notified that Baum was to be added
to the company's coverage.

 A short time later, Baum's husband was injured and subsequently died. When
Baum filed a claim for her husband's medical costs under her insurance policy, she was informed
that she was not insured. Baum sued Heart of Texas for negligence, breach of contract, and fraud. 
Heart of Texas then filed a third-party action against its former president seeking indemnity and
contribution from Mahaffey for her negligent acts, which it claimed caused Baum's injury. 
Mahaffey filed a motion for summary judgment under Texas Rule of Civil Procedure 166a(i) on
the ground that there was no evidence that she committed any tort for which she could be held
responsible for the medical expenses incurred by Baum. The trial court granted Mahaffey's no-evidence motion for summary judgment and severed Heart of Texas's third-party claims against
Mahaffey. On appeal, Heart of Texas challenges the trial court's no-evidence summary judgment
in Mahaffey's favor.


DISCUSSION


 Courts of appeals review no-evidence summary judgments under rule 166a(i) (2) with
the same legal sufficiency standard applied to directed verdicts. See Moore v. K Mart Corp., 981
S.W.2d 266, 269 (Tex. App.--San Antonio 1998, no pet.); Jackson v. Fiesta Mart, Inc., 979
S.W.2d 68, 70 (Tex. App.--Austin 1998, no pet.). "Like a directed verdict, then, the task of the
appellate court is to determine whether the plaintiff has produced any evidence of probative force
to raise fact issues on the material questions presented." Jackson, 979 S.W.2d at 70. All
evidence must be considered in the light most favorable to the party against whom the no-evidence
summary judgment was rendered, with every reasonable inference indulged and any doubts
resolved in favor of the nonmovant. Id.

 A trial court properly grants a no-evidence summary judgment when the nonmovant
fails to bring forth more than a scintilla of evidence to raise a genuine issue of material fact as to
one or more essential elements of the nonmovant's claim on which the nonmovant would have the
burden of proof at trial. See Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711
(Tex. 1997), cert. denied, 118 S.Ct. 1799 (1998); Jackson, 979 S.W.2d at 70-71; Tex. R. Civ.
P. 166a(i). More than a scintilla of evidence exists if the evidence rises to a level that would
enable reasonable, fair-minded persons to differ in their conclusions. See Havner, 953 S.W.2d
at 711; Jackson, 979 S.W.2d at 71. When the evidence is "so weak as to do no more than create
a mere surmise or suspicion" of a fact, then less than a scintilla of evidence exists, and the legal
effect is that there is no evidence. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983);
Jackson, 979 S.W.2d at 71.

 "Under the doctrine of respondeat superior, an employer is vicariously liable for
the negligence of an agent or employee acting within the scope of his or her agency or
employment, although the principal or employer has not personally committed a wrong." Baptist
Memorial Hosp. Sys. v. Sampson, 969 S.W.2d 945, 947 (Tex. 1998) (citing DeWitt v. Harris
County, 904 S.W.2d 650, 654 (Tex. 1995); Restatement (Second) of Agency § 219 (1958)). 
Therefore, to defeat Mahaffey's no-evidence motion for summary judgment, Heart of Texas must
produce more than a scintilla of evidence to raise a genuine issue of material fact as to whether
Mahaffey was negligent.

 A cause of action for negligence consists of three essential elements: (1) a legal
duty owed by one party to another; (2) a breach of that duty; and (3) damages proximately caused
by that breach. See Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). 
Duty is the threshold inquiry in a negligence case. See id. The existence of a duty is a question
of law for the court to decide based on the specific facts of the case. See Mitchell v.
Missouri-Kansas-Texas R.R., 786 S.W.2d 659, 662 (Tex. 1990). Neither party disputes the
existence of a duty on the part of Mahaffey. The summary-judgment evidence establishes that,
as president of Heart of Texas, Mahaffey was the only person who could waive the ninety-day
waiting period for insurance coverage and could grant permission for Baum to be insured after
only thirty days of employment. Thus, the question remains whether the summary-judgment
evidence presented by Heart of Texas in its response to Mahaffey's no-evidence motion for
summary judgment raises a genuine issue of material fact as to whether Mahaffey breached that
duty. We conclude that it does.

 The summary-judgment evidence, which includes the insurance carrier's monthly
invoices, payroll documents, and the affidavit of an accounting employee at Heart of Texas,
reveals that despite the fact that Baum was not listed on the monthly invoices as a covered
employee for the months following her first thirty days of employment, Heart of Texas was
withholding the insurance premiums from Baum's paychecks. Mahaffey was responsible for
reviewing these monthly insurance invoices and weekly payroll documents. This evidence is
sufficient to create a reasonable inference that Mahaffey knew or should have known that Baum
was not insured after her initial thirty days with the company as Baum had requested, as Mahaffey
had promised, and as Mahaffey had directed. Accordingly, we sustain the contention raised in
Heart of Texas's sole issue on appeal.

CONCLUSION


 Because Heart of Texas produced summary-judgment evidence raising a genuine
issue of material fact as required by Texas Rule of Civil Procedure 166a(i), we reverse the
judgment of the trial court and remand the cause for further proceedings consistent with this
opinion.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Reversed and Remanded

Filed: June 30, 1999

Do Not Publish
1. NYLCare was the insurance carrier.
2. Rule 166a(i) provides as follows:


(i) No-Evidence Motion. After adequate time for discovery, a party without
presenting summary judgment evidence may move for summary judgment on the
ground that there is not evidence of one or more essential elements of a claim
or defense on which an adverse party would have the burden of proof at trial. 
The motion must state the elements as to which there is no evidence. The court
must grant the motion unless respondent produces summary judgment evidence
raising a genuine issue of material fact.


Tex. R. Civ. P. 166a(i).



rmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711
(Tex. 1997), cert. denied, 118 S.Ct. 1799 (1998); Jackson, 979 S.W.2d at 70-71; Tex. R. Civ.
P. 166a(i). More than a scintilla of evidence exists if the evidence rises to a level that would
enable reasonable, fair-minded persons to differ in their conclusions. See Havner, 953 S.W.2d
at 711; Jackson, 979 S.W.2d at 71. When the evidence is "so weak as to do no more than create
a mere surmise or suspicion" of a fact, then less than a scintilla of evidence exists, and the legal
effect is that there is no evidence. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983);
Jackson, 979 S.W.2d at 71.

 "Under the doctrine of respondeat superior, an employer is vicariously liable for
the negligence of an agent or employee acting within the scope of his or her agency or
employment, although the principal or employer has not personally committed a wrong." Baptist
Memorial Hosp. Sys. v. Sampson, 969 S.W.2d 945, 947 (Tex. 1998) (citing DeWitt v. Harris
County, 904 S.W.2d 650, 654 (Tex. 1995); Restatement (Second) of Agency § 219 (1958)). 
Therefore, to defeat Mahaffey's no-evidence motion for summary judgment, Heart of Texas must
produce more than a scintilla of evidence to raise a genuine issue of material fact as to whether
Mahaffey was negligent.

 A cause of action for negligence consists of three essential elements: (1) a legal
duty owed by one party to another; (2) a breach of that duty; and (3) damages proximately caused
by that breach. See Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). 
Duty is the threshold inquiry in a negligence case. See id. The existence of a duty is a question
of law for the court to decide based on the specific facts of the case. See Mitchell v.
Missouri-Kansas-Texas R.R., 786 S.W.2d 659, 662 (Tex. 1990). Neither party disputes the
existence of a duty on the part of Mahaffey. The summary-judgment evidence establishes that,
as president of Heart of Texas, Mahaffey was the only person who could waive the ninety-day
waiting period for insurance coverage and could grant permission for Baum to be insured after
only thirty days of employment. Thus, the question remains whether the summary-judgment
evidence presented by Heart of Texas in its response to Mahaffey's no-evidence motion for
summary judgment raises a genuine issue of material fact as to whether Mahaffey breached that
duty. We conclude that it does.

 The summary-judgment evidence, which includes the insurance carrier's monthly
invoices, payroll documents, and the affidavit of an accounting employee at Heart of Texas,
reveals that despite the fact that Baum was not listed on the monthly invoices as a covered
employee for the months following her first thirty days of employment, Heart of Texas was
withholding the insurance premiums from Baum's paychecks. Mahaffey was responsible for
reviewing these monthly insurance invoices and weekly payroll documents. This evidence is
sufficient to create a reasonable inference that Mahaffey knew or should have known that Baum
was not insured after her initial thirty days with the company as Baum had requested, as Mahaffey
had promised, and as Mahaffey had directed. Accordingly, we sustain the contention raised in
Heart of Texas's sole issue on appeal.

CONCLUSION


 Because Heart of Texas produced summary-judgment evidence raising a genuine
issue of material fact as required by Texas Rule of Civil Procedure 166a(i), we reverse the
judgment of the trial court and remand the cause for further proceedings consistent with this
opinion.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Reversed and Remanded

Filed: June 30, 1999

Do Not Publish
1. NYLCare was the insurance carrier.
2. Rule 166a(i) provides as follows:


(i) No-Evidence Motion. After adequate time for discovery, a party without
presenting summary judgment evidence may move for summary judgment on the
ground that there is not evidence of one or more essential elements of a claim
or defense on which an adverse party would have the burden of proof at trial. 
The motion must state the elements as to which there is no evidenc