

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-09-00281-CV

ANDREW L. NELOMS, JR.                                          APPELLANT

V.

BNSF RAILWAY COMPANY                                          APPELLEE

----------

FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

Appellant Andrew L. Neloms, Jr. appeals the take-nothing judgment entered against him in his Federal Employers' Liability Act (FELA)[2] suit against BNSF Railway Company (BNSF). He contends in one issue that the trial court

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* 45 U.S.C. § 51 (2007).

committed reversible error by omitting jury instructions concerning the FELA burden of proof. We affirm.

## II. Background

On October 19, 2004, Neloms was working for BNSF as the conductor bringing a stack train from Temple to Pearland. He arrived at the Clear Creek yard that evening and exited the train in the dark. While walking toward a switch in the yard, Neloms tripped over a partially buried tie plate and fell. Neloms finished his duties that evening, but his hand began to throb. By the next morning, his hand was swollen, and he was not able to use it.

Neloms filed suit against BNSF in September 2007, alleging negligence and seeking damages for lost wages and physical injury. The case proceeded to a jury trial in March 2009, and the jury rendered a verdict for BNSF. The trial court signed a final judgment in accordance with the jury's verdict, and this appeal followed.

## III. Standard of Review

We review a trial court's refusal to include an instruction in the jury charge for an abuse of discretion. *See In re V.L.K.*, 24 S.W.3d 338, 341 (Tex. 2000); *La.-Pac. Corp. v. Knighten*, 976 S.W.2d 674, 676 (Tex. 1998). "The trial court has considerable discretion to determine necessary and proper jury instructions." *In re V.L.K.*, 24 S.W.3d at 341. To establish an abuse of discretion, the requested instruction must be necessary to enable the jury to render a proper verdict so that the trial court's refusal probably caused the rendition of an

2

improper verdict. *Pitts v. Sabine River Auth. of Tex.*, 107 S.W.3d 811, 819 (Tex. App.—Texarkana 2003, pet. denied). When a trial court refuses a requested jury instruction, we examine whether the instruction was reasonably necessary to enable the jury to render a proper verdict. *See* Tex. R. Civ. P. 277, 288; *Cleaver v. Cundiff*, 203 S.W.3d 373, 379 (Tex. App.—Eastland 2006, pet. denied). Because the jury should not be burdened with surplus instructions, not every correct statement of the law belongs in the jury charge. *Cleaver*, 203 S.W.3d at 379.

## IV. Discussion

In his sole issue, Neloms contends that the trial court committed reversible error by omitting jury instructions concerning the FELA burden of proof. BNSF responds that the trial court did not abuse its discretion because the court's charge provided the jury with the information that Neloms contends was omitted.

## A. Applicable Law

FELA imposes liability on railroads for injuries to their employees "resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 45 U.S.C. § 51. For FELA cases brought in state court, federal law governs the parties' substantive rights, and state rules govern procedural matters. *Union Pac. R.R. Co. v. Williams*, 85 S.W.3d 162, 170

(Tex. 2002); *see Mitchell v. Mo.-Kan.-Tex. R.R. Co.*, 786 S.W.2d 659, 661 (Tex. 1990), *overruled on other grounds by Williams*, 85 S.W.3d at 168–69.

"To prevail on a FELA claim, a plaintiff must show that the defendant railroad did not use reasonable care under the circumstances." *Williams*, 85 S.W.3d at 165–66 (citing *Davis v. Burlington N., Inc.*, 541 F.2d 182, 185 (8th Cir. 1976)). In other words, a FELA plaintiff must prove the traditional "common law components of negligence, including duty, breach, foreseeability, causation, and injury." *Houghton v. Port Terminal R.R. Ass'n*, 999 S.W.2d 39, 43 (Tex. App.— Houston [14th Dist.] 1999, no pet.) (citing *Adams v. CSX Transp., Inc.*, 899 F. 2d 536, 539 (6th Cir. 1990)). But the FELA causation standard differs from the common law standard. *Id.* at 43–44 (citing *Nicholson v. Erie R.R. Co.*, 253 F.2d 939, 940 (2d Cir. 1958)); *see Diamond Offshore Mgmt. Co. v. Horton*, 193 S.W.3d 76, 79 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Instead of proximate cause, a FELA plaintiff must prove only that the defendant's negligence "'played any part, even in the slightest, in producing the injury for which damages are sought.'" *Williams*, 85 S.W.3d at 168 (quoting *Mitchell*, 786 S.W.2d at 661); *see* 45 U.S.C. § 51; *Rogers v. Mo. Pac. R.R.*, 352 U.S. 500, 506, 77 S. Ct. 443, 448 (1957).

## B. Analysis

Neloms argues that the court's charge did not inform the jury of the lesser FELA causation standard, and he points to two instructions that the trial court

4

refused to submit. We begin by addressing Neloms's contention that the federal pattern jury charge must be submitted in FELA cases tried in state court.

### 1. Federal Pattern Jury Charge

Neloms argues that "both the Texas Supreme Court and the United States Supreme Court have unequivocally held that the federal pattern jury charge instructions should be used in state court FELA cases." To support his contention, Neloms cites *Norfolk Southern Railway Co. v. Sorrell*, 549 U.S. 158, 168 n.2, 127 S. Ct. 799, 806 n.2 (2007), and *Williams*, 85 S.W.3d at 170. However, *Sorrell* holds only that the same causation standard applies to both employers and employees when determining the employee's comparative negligence.[3] *Sorrell*, 549 U.S. at 171, 127 S. Ct. at 808–09. *Sorrell* does not require all courts to use identical jury charges in FELA cases.[4] *See id.* at 173, 127 S. Ct. at 809. Neloms relies on Justice Ginsberg's concurrence in *Sorrell*,

---

[3]The *Sorrell* Court expressly limited its opinion to the issue of "whether different standards for railroad and employee negligence [are] permissible" under FELA. *Sorrell*, 549 U.S. at 164, 127 S. Ct. at 804. For procedural reasons, *Sorrell* did not actually address the causation standard applicable to carriers in FELA cases. *See id.* at 164–72, 127 S. Ct. at 805–09.

[4]The *Sorrell* Court stated:

As a review of FELA model instructions indicates, *there are a variety of ways to instruct a jury to apply the same causation standard* to railroad negligence and employee contributory negligence. *Missouri has the same flexibility as the other States in deciding how to do so*, so long as it now joins them in applying a single standard.

*Id.* at 173, 127 S. Ct. at 809 (citation omitted) (emphasis added).

5

but even Justice Ginsberg's concurrence states only that "sound jury instructions in FELA cases would *resemble* the model federal charges." *Id.* at 180, 127 S. Ct. at 814 (Ginsberg, J., concurring) (emphasis added). Thus, *Sorrell* does not mandate submission of federal pattern jury charges in FELA cases brought in state courts.

Similarly, the Texas Supreme Court held in *Williams* that "[s]tate courts trying FELA cases must apply federal law about burdens of proof." 85 S.W.3d at 170. Although *Williams* approved language from part of the Fifth Circuit's FELA pattern jury charge and part of the Eighth Circuit's FELA pattern jury charge, nothing in *Williams* requires Texas trial courts to submit federal pattern jury charges in all FELA cases. *See id.* at 165–71; *see also Mitchell*, 786 S.W.2d at 662 (stating that a proper instruction "may be had" by using the Fifth Circuit's FELA Pattern Jury Instructions but not mandating submission of the pattern instruction). Although the better practice in many cases may be the submission of pattern jury charge instructions, neither *Sorrell* nor *Williams* mandates the submission of federal pattern jury instructions in FELA cases tried in Texas state courts. *See Sorrell*, 549 U.S. at 164–72, 127 S. Ct. at 805–09; *Williams*, 85 S.W.3d at 165–71; *see generally Weeks Marine, Inc. v. Salinas*, 225 S.W.3d 311, 319 (Tex. App.—San Antonio 2007, pet. dism'd).

**Legal Cause of Damage**

Neloms's first requested instruction states:

> Negligence is a legal cause of damage if it played any part, no matter how small, in bringing about or actually causing the injury or damage. If you find that the Defendant BNSF Railway Company, was negligent and that the Defendant's negligence contributed in any way toward any injury or damage suffered by the Plaintiff, Andrew L. Neloms, Jr., you must find that such injury or damage was legally caused by the Defendant BNSF Railway Company['s] acts or omissions.

Neloms argues that without this instruction, the jury was not informed of the "feather weight" burden applicable to his FELA claim and that his proposed instruction "was the only source for the jury to know that the burden was extremely loose" for him to show causation.

Contrary to Neloms's assertion, the trial court did not fail to instruct the jury on the "feather weight" FELA causation standard. In this regard, the court's charge included the following instructions:

> "Negligence" is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.
>
> *Negligence is a "legal cause" of damage if it played any part, no matter how small, in bringing about or actually causing the injury or damage.*" [Emphasis added.]

In *Mitchell*, the Texas Supreme Court approved a jury instruction in FELA cases that states, in part:

7

> "Negligence" is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.
>
> For purposes of this action, negligence is a "legal cause" of damage if it played any part, no matter how small, in bringing about or actually causing the injury or damage.

786 S.W.2d at 663.[5]  Other than omitting the phrase "for purposes of this action," the trial court's charge in this case is identical to that approved by the supreme court in *Mitchell*.  *See id.*; *see also Williams*, 85 S.W.3d at 168 (reaffirming *Mitchell*'s FELA causation discussion and stating that "a defendant is liable if its negligence plays any part, however slight, in causing the injury").  Therefore, we hold that the trial court did not abuse its discretion by refusing to submit the first requested instruction.

### 3.  Liability under FELA

Neloms's second requested instruction states:

> The "Federal Employers' Liability Act" provides in part that:
>
> Every common carrier by railroad while engaging in commerce between any of the several states . . . shall be liable in damages to any person suffering injuries while he is employed by such carrier . . . for such injury or death resulting in whole or in part from

---

[5]*Williams* overruled *Mitchell* "to the extent that it rejected a foreseeability instruction when the evidence about that element of the railroad's duty was disputed" and "to the extent that it approved the Fifth Circuit's pattern instruction, even though the railroad's knowledge was disputed, on the erroneous basis that 'it does not place the issue of duty before the jury.'"  *Williams*, 85 S.W.3d at 169.  Foreseeability is not at issue in this appeal.

the negligence of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its roadbed, machinery . . . or other equipment.

We first note that this requested instruction is a quote from FELA section 51. *See* 45 U.S.C. § 51. We also note that the court's charge instructed the jury that Neloms was a BNSF employee, informed the jury that it may find BNSF liable for Neloms's injury if it was satisfied that BNSF had actual or constructive notice of a defective condition in "equipment or his place of work" and a "reasonable opportunity to remove or repair the defect before the occurrence," and provided the jury with a legally correct instruction concerning negligence as a "legal cause" of Neloms's injury or damage. Thus, the court's charge included instructions containing the same information Neloms sought to include in his second requested instruction. "There is no error in refusing a requested explanatory instruction when the substance of the matter contained therein is included in the court's charge." *La. & Ark. R.R. Co. v. Blakely*, 773 S.W.2d 595, 599 (Tex. App.—Texarkana 1989, writ denied) (citing *Dixon v. Van Waters & Rogers*, 674 S.W.2d 479, 483 (Tex. App.—Fort Worth 1984, writ ref'd n.r.e.)). In other words, a trial court should refuse to submit unnecessary instructions, even if they are correct statements of the law. *Id.*; *see Rigdon Marine Corp. v. Roberts*, 270 S.W.3d 220, 228 (Tex. App.—Texarkana 2008, pet. denied). Because the information contained within Neloms's second requested instruction was otherwise included within the court's charge, we hold that the trial court did

9

not abuse its discretion by refusing to submit the second requested instruction.

We overrule Neloms's sole issue.

## V. Conclusion

Having overruled Neloms's sole issue, we affirm the trial court's judgment.

<div style="margin-left:50%">

ANNE GARDNER
JUSTICE

</div>

PANEL: LIVINGSTON, C.J.; GARDNER, J.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: March 17, 2011