James A. KOEPKE, Appellant,

v.

Andres MARTINEZ, Nora Maribel Martinez, and Maria G. Martinez, Individually and as Next Friend of Andres Martinez, Jr. and Claudia Martinez, Appellees.

No. 13–01–433–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 22, 2002.

Rehearing Overruled Sept. 26, 2002.

D. Allan Erwin, Jr., Roerig, Oliveira & Fisher, Brownsville, Martin J. Phipps, Adami, Goldman & Shuffield, San Antonio, for Appellant.

Francisco J. Enriquez, Roberto D. Puente, Law Offices of Frank Enriquez, McAllen, for Appellees.

Before Chief Justice VALDEZ and Justices YAÑEZ and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Following a dog attack, appellant, James A. Koepke, was sued by appellees Andres Martinez (Andres) and his wife Maria Martinez (Maria)[1] under various theories of recovery, including negligence and by-stander claims. Finding Koepke sixty percent negligent and Andres forty percent negligent, the jury awarded zero damages. Appellees filed a motion for judgment not-withstanding the verdict (JNOV). The trial court granted appellees' motion for JNOV and entered a judgment awarding appellees approximately $200,000. The trial court overruled Koepke's motion for new trial, and Koepke subsequently filed his notice of appeal. By two points of error, Koepke contends: (1) the trial court should have granted his motion for summary judgment and/or directed verdict because he owed no duty to appellees as a matter of law; and (2) the trial court should have denied appellees' motion for JNOV and entered judgment on the jury's verdict because a scintilla of evidence ex-

---

**1.** Appellees in this case are Andres Martinez (Andres), his wife Maria Martinez (Maria), and their children Nora, Andres, Jr., and Claudia.

isted supporting the jury's findings. We reverse and render.

## I. FACTS

On May 25, 1994, Koepke sold his Shar–Pei dog (Jackie Chan) to Teresa Canales (Canales). Maria was employed by Canales. Because Canales was out of town, Maria traveled to Koepke's home, exchanged Canales's money for Jackie Chan and took the dog to Canales's home.

The next day, while at Canales's home, Andres went into the backyard to feed Jackie Chan. Andres alleges that Jackie Chan knocked him to the ground, bit his hand, left index finger, and chest, and began to bite at his throat. Andres claims he sustained injuries to his finger and chest, suffered a torn rotator cuff in his left shoulder, and a herniated disk in his lower back.

Andres brought suit claiming negligence, misrepresentation, strict liability, and gross negligence. Maria brought suit for loss of consortium and mental anguish, and their children brought bystander claims.

The jury returned a verdict finding Andres forty percent negligent and Koepke sixty percent negligent. The jury awarded zero damages to all appellees. Appellees subsequently filed a motion to enter judgment notwithstanding the verdict. The motion was granted and damages were awarded.

## II. DIRECTED VERDICT

By his first point of error, Koepke contends the trial court should have granted

his motion for directed verdict because Koepke owed no duty to appellees as a matter of law.[2]

### A. Directed Verdict Standard of Review

■ A directed verdict is proper when 1) a defect in the opponent's pleadings makes them insufficient to support a judgment, 2) the evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law, or 3) the evidence offered on a cause of action is insufficient to raise an issue of fact. *Thedford v. Missouri Pac. R.R. Co.*, 929 S.W.2d 39, 51 (Tex.App.-Corpus Christi 1996, writ denied); *Rowland v. City of Corpus Christi*, 620 S.W.2d 930, 932–33 (Tex.Civ. App.-Corpus Christi 1981, writ ref'd n.r.e.).

■ The denial of a motion for directed verdict lays the foundation for challenging the evidence on appeal by points of error contending there was "no evidence" of a certain fact or that a fact was established "as a matter of law." *See, e.g., Weidner v. Sanchez*, 14 S.W.3d 353, 366 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (no evidence of damages); *White v. Liberty Eylau Indep. Sch. Dist.*, 920 S.W.2d 809, 813 (Tex.App.-Texarkana 1996, writ denied) (evidence failed to establish bus driver as employee of school district as a matter of law). We review the denial of a directed verdict by a legal sufficiency or "no evidence" standard of review. *City of Alamo v. Montes*, 904 S.W.2d 727, 732 (Tex.App.-Corpus Christi 1995, writ dism'd).

■ In reviewing a legal insufficiency point, we examine the record by consider-

**2.** Koepke also contends the trial court erred in denying his motion for summary judgment. However, generally the denial of a motion for summary judgment is not appealable. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex.1996). The failure to grant a motion for summary judgment is reviewable on ap-

peal only if all parties in interest file motions for summary judgment and the appeal is from the granting of one of them. *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 364 (Tex.1966). In this instance, Koepke was the only party to file a motion for summary judgment. Thus, this contention is without merit.

ing only the evidence and inferences favorable to the judgment, and uphold the trial court's decision if there is more than a scintilla of supporting evidence. *Worsham Steel Co. v. Arias*, 831 S.W.2d 81, 83 (Tex. App.-El Paso 1992, no writ).

The trial court should direct a verdict when reasonable minds can draw only one conclusion from the evidence. *Vance v. My Apt. Steak House, Inc.*, 677 S.W.2d 480, 483 (Tex.1984); *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978).

### B. Analysis

Liability in a negligence action requires: (1) a legal duty owed one person by another; (2) a breach of that duty; (3) that the breach was a proximate cause of the injury; and (4) actual injury. *Bird v. W.C.W.*, 868 S.W.2d 767, 769 (Tex.1994); *Alm v. Aluminum Co. of Am.*, 717 S.W.2d 588, 595 (Tex.1986). The existence of a duty is a threshold question of law. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). The nonexistence of a duty ends the inquiry into whether negligence liability may be imposed. *Id.; Chapa v. Koch Ref. Co.*, 985 S.W.2d 158, 162 (Tex.App.-Corpus Christi 1998), *rev'd on other grounds*, 11 S.W.3d 153 (Tex.1999).

The gist of an action brought to recover for injuries caused by a domestic animal, resulting from other than known vicious propensities,[3] is usually negligence of the owner or keeper in the keeping or handling of the animal. *Dunnings v. Castro*, 881 S.W.2d 559, 562 (Tex.App.-Houston [1st Dist.] 1994, writ denied). There-

fore, appellees were required to prove that Koepke was the owner or keeper of Jackie Chan at the time of the incident, and that he negligently handled Jackie Chan. *See id.*

In this case, it was uncontested at trial that Canales, not Koepke, was the owner of the dog at the time of the incident, and that the alleged attack occurred on Canales's property. *See Dunnings*, 881 S.W.2d at 562. Because Koepke was neither the owner, nor the handler, of Jackie Chan at the time of the incident, he owed no duty to appellees. *See Phillips*, 801 S.W.2d at 525. Appellees cannot now argue Koepke mishandled Jackie Chan because he was neither the owner, nor the handler at the time of the incident. *See Dunnings*, 881 S.W.2d at 562. Thus, reasonable minds could not differ in their conclusion that Koepke owed no duty to appellees as a matter of law. *Vance*, 677 S.W.2d at 483; *Collora*, 574 S.W.2d at 68. Koepke's first point of error is sustained.[4]

Accordingly, we reverse the trial court's order denying Koepke's motion for directed verdict and render judgment in favor of Koepke.

---

**3.** Suits for damages caused by vicious animals are governed by principles of strict liability, predicated upon a showing of the vicious or aggressive tendencies of the animal and the owner's knowledge of that propensity. *Dunnings v. Castro*, 881 S.W.2d 559, 562 (Tex.App.-Houston [1st Dist.] 1994, writ de-

nied). In this case, appellees' strict liability claim was dismissed by the trial court.

**4.** Because of our disposition of Koepke's first point of error, we need not address the remaining point of error. *See* Tex.R.App. P. 47.1.