NO.
12-04-00368-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JOSHUA JAMES CLAY,     §                      APPEAL FROM THE THIRD

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANDERSON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Joshua James
Clay appeals his conviction for evading arrest with a vehicle, for which he was
sentenced to confinement for two years and fined two thousand dollars.  Appellant raises three issues on appeal.  We affirm.

 

Background

            On
April 27, 2003, officers from the Palestine Police Department were involved in
a car chase with a fleeing Ford Mustang. 
The chase ended when the Mustang crashed into a telephone pole.  Following the crash, several individuals
exited the car and ran away.  Michael
Clewis was apprehended as he was running from the car.  No other individuals were apprehended at the
scene.

            On
March 15, 2004, Appellant was indicted for evading arrest with a motor
vehicle.  Appellant was later arrested on
the same charge on May 21, 2004.  

            On
April 1, 2004, the trial court issued a discovery order in which it ordered the
State to provide a written list of all anticipated trial witnesses.  On June 28, 2004, the State responded by
providing a list of witnesses.  The State
did not thereafter supplement its response.








            The
matter proceeded to trial on October 4, 2004. 
Palestine Police Department Officer Jason Stovall testified as the State’s
first witness.  Stovall testified that he
was in his patrol car on April 27, 2004 when he observed a black Ford
Mustang proceeding the wrong way on a one way street.  Stovall stated that as he turned his patrol
car around to stop the Mustang, it accelerated. 
Stovall testified that he pursued the Mustang until it “had a wreck.”  Stovall further testified that he observed
three unidentified subjects exit the vehicle. 
Stovall stated that he pursued one subject on foot.  Stovall ultimately apprehended one of the
subjects, whom he identified at trial as Michael Clewis.

            Palestine
Police Department Corporal Bill Guthrie testified that he arrived on the scene
just after the Mustang had crashed. 
Guthrie testified that he observed three subjects exit the Mustang and
flee on foot.  Guthrie testified that he
assisted Stovall in apprehending Clewis and thereafter in controlling traffic
around the scene of the accident. 
Guthrie stated that he was later called to the police department and met
with Kristina Brown, who gave a written statement that her 1996 black Ford
Mustang had been stolen.  Guthrie
testified that, based on his experience, he believed that Kristina Brown had
fabricated the report.  After showing
Kristina Brown the section of the penal code concerning making a false
statement to police, Guthrie offered to let Kristina Brown make another written
statement, which she did.  The subsequent
statement was different from Kristina Brown’s original statement.  Thereafter, Guthrie arrested Kristina Brown
for making a false police report to a peace officer.

            Lieutenant
Kenneth Ingram testified that earlier on the day in question, he had seen a black
male dressed in a red shirt drive away from the Dogwood Garden Apartments in a
black Mustang.  However, Ingram did not
identify the driver.

            Clewis
testified that he had been a passenger in the Mustang that was involved in the
car chase on the day in question.  Clewis
testified that persons named Josh, Tyrone, and Travis were in the vehicle with
him.  Clewis further testified that the
driver’s full name was Joshua Clay. 
However, Clewis did not make an in court identification of Appellant as
the same Joshua Clay who he testified was driving the Mustang on the day in
question.

            Outside
the presence of the jury, the State informed the court that Kristina Brown, who
was to be its next witness, was refusing to testify on Fifth Amendment
grounds.  The judge recessed the trial
and ordered that a hearing outside the jury’s presence concerning Kristina
Brown’s refusal to testify be held the next morning.  The next day, during the hearing, Kristina
Brown took the stand and refused to testify despite the State’s offer of
immunity from prosecution.  Kristina
Brown’s conflicting written statements to police were admitted into evidence,
but were not submitted to the jury. 
After consulting with a court appointed attorney and again refusing to
testify, Kristina Brown was held in contempt of court and jailed.

            Outside
the presence of the jury, the State next called Darla Brown.[1]  Darla Brown was not on the State’s witness
list.  The trial court recessed until
after lunch, at which point Kristina Brown was again brought before the court
outside the jury’s presence.  Kristina
Brown once more refused to testify.  The
State then asked the court for permission to call Darla Brown as a
witness.  Appellant objected, contending
that the State had failed to disclose Darla Brown as a potential witness.  The trial court overruled Appellant’s
objection and permitted Darla Brown to testify.

            Darla
Brown testified that her daughter owned a black 1998 Ford Mustang and lived at
the Dogwood Garden Apartments.  Darla
Brown further testified that her daughter lived with Joshua Clay and identified
Appellant as the same Joshua Clay with whom her daughter lived.  Darla Brown testified that she had seen
Appellant drive her daughter’s car in the past. 
Darla Brown stated that her daughter called her on the phone on April
28, 2003 and was upset.  Darla Brown
further stated that she went over to her daughter’s apartment to find her
daughter shaking, nervous, and “crying hysterically.”  Darla Brown testified that her daughter told
her that “she was arrested for falsifying a report to the police, that Josh had
wrecked her car, and that she had lied about it.”[2]  Darla Brown stated on redirect that when her
daughter told her Josh wrecked the car, she understood her to be referring to
Appellant.

            Following
Darla Brown’s testimony, the State rested. 
Appellant made a motion for directed verdict, which the trial court denied.  Thereafter, Appellant rested his case.  After argument of counsel, the jury found
Appellant guilty as charged.  Following a
trial on punishment, the jury assessed punishment at confinement for two years
and a fine of two thousand dollars.  The
trial court sentenced Appellant accordingly, and this appeal followed.

 

Failure to
Identify Testifying Witness

            In
his first issue, Appellant argues that the trial court erred in allowing the
testimony of Darla Brown, whom the State had not listed as a potential witness.  The standard of review where a witness not
included on a witness list is permitted to testify is whether the trial court
abused its discretion in allowing the testimony.  See Martinez v. State, 867
S.W.2d 30, 39 (Tex. Crim. App. 1993). Among the factors to be considered by an
appellate court are (1) any showing by the defendant of bad faith on the part
of the prosecution in failing to disclose and (2) whether the defendant could
have reasonably anticipated that the witness would testify despite the State’s
nondisclosure.  See Depena v.
State, 148 S.W.3d 461, 467 (Tex. App–Texarkana 2004, no pet.).  Unless the defendant makes the necessary
showing, the trial court’s decision to allow the testimony will not be
disturbed on appeal.  Id.

            In
determining whether the State acted in bad faith in failing to provide the name
of the witness, we consider whether the State intended to deceive, whether the
State’s notice left adequate time to prepare, and whether the State freely
provided the defense with information.  Id.
(citing Stoker v. State, 788 S.W.2d 1, 15 (Tex. Crim. App.
1989)).  With regard to the second
factor, we  may consider whether
Appellant should have reasonably anticipated that the prosecutor would call a
witness to provide the same testimony as it offered through the undisclosed
witness.  See, e.g., Gowin v.
State, 760 S.W.2d 672, 674 (Tex. App.–Tyler 1988, no pet.).

            In
the case at hand, the record does not indicate that the prosecutor acted with
intent to deceive in calling Darla Brown as a witness.  Furthermore, Appellant has not argued, apart
from the timing of when the State first gave notice that it intended to call
Darla Brown to testify, that the prosecutor acted with intent to deceive.  

            The
record reflects that following Kristina Brown’s refusal to testify, the State
offered her immunity from prosecution on the charges against her and that the
trial court conducted two hearings outside the jury’s presence in which
Kristina Brown refused to testify under any circumstances.  Only after Kristina Brown was jailed on
contempt charges did the State seek to call Darla Brown as a witness.  The prosecutor stated to the trial court that
it did not know that Kristina Brown would refuse to testify and, in light of
that fact, the State needed to call Darla Brown.  The State requested a hearing so that the
court could determine if Darla Brown’s testimony could properly be elicited
before the jury.  While such timing did
not leave Appellant with a great deal of time to prepare for Darla Brown’s
testimony, the State’s timing alone is not indicative that it intended to
deceive Appellant.  Moreover, in
considering whether Appellant had adequate time to prepare, we note that
Appellant did not seek a continuance from the trial court.  See, e.g., Depena, 148 S.W.3d
at 468 (court noted that defense counsel could have requested a recess or
continuance had he needed additional time to prepare for cross examination of
an undisclosed witness).

            Furthermore,
considering the testimony offered by Darla Brown, we cannot say that such
testimony concerning Appellant’s identity as the driver of the car was the sort
of testimony that Appellant should not have reasonably anticipated that the
prosecutor would call a witness to provide. 
Indeed, Darla Brown’s testimony concerning the fact that Appellant was
the driver of the vehicle was a hearsay statement of Kristina Brown offered
over objection as an exception to the hearsay rule.  Therefore, we hold that the trial court did
not abuse its discretion in permitting Darla Brown to testify.  Appellant’s first issue is overruled.

 

Hearsay

            In
his second issue, Appellant argues that the trial court improperly permitted
Darla Brown to testify to hearsay statements that her daughter made to her that
“she was arrested for falsifying a report to the police, that Josh had wrecked
her car, and that she had lied about it.” 
A trial court’s decision to admit or exclude evidence is reviewed under
an abuse of discretion standard.  See Montgomery
v. State, 810 S.W.2d 372, 379–80 (Tex. Crim. App. 1990).  If the trial court’s ruling on the admission
of evidence is correct under any theory of law, the trial court’s decision
should not be disturbed even if the trial court gives the wrong reason for its
ruling.  See Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990).

            A
statement which, at the time of its making, so far tended to subject the
declarant to criminal liability such that a reasonable person in the declarant’s
position would not have made the statement unless she believed it to be true is
admissible in evidence even though it is hearsay.  See
Tex. R. Evid. 803(24).  In criminal cases, a hearsay statement
tending to expose the declarant to criminal liability is not admissible unless
corroborating circumstances clearly indicate that the statement is
trustworthy.  Id.

            We
first examine whether Kristina Brown’s statement to Darla Brown was
sufficiently self inculpatory.  See Dewberry
v. State, 4 S.W.3d 735, 751 (Tex. Crim. App. 1999).  It is a crime for a person to knowingly
communicate a report of an offense that she knows is false or baseless and that
would ordinarily cause action by an official organized to deal with
emergencies.  See Tex. Pen. Code Ann. § 42.06(a)(1) (Vernon 2003).  Here, Kristina Brown stated to Darla Brown
that “she was arrested for falsifying a report to the police, that Josh had
wrecked her car, and that she had lied about it.”  The statement that “Josh had wrecked her car”
is directly related to the crime of making a false report to police in that the
record reflects that Kristina Brown initially reported that her car was
stolen.  We conclude that Kristina Brown’s
statement sufficiently inculpates her of the crime of making a false report to
police.

            We
next consider whether the statement is sufficiently corroborated.  The corroboration must be sufficiently
convincing to clearly indicate the trustworthiness of the statement.  Dewberry, 4 S.W.3d at 751.  A trial court should consider a number of
factors, including (1) whether guilt of the declarant is inconsistent with
guilt of the defendant, (2) whether the declarant was so situated that he might
have committed the crime, (3) the timing of the declaration, (4) the
spontaneity of the declaration, (5) the relationship between the declarant and
the party to whom the statement is made, and (6) the existence of independent
corroborative facts.  See Bingham
v. State, 987 S.W.2d 54, 58 (Tex. Crim. App. 1999).  

            Although
Appellant contends that there is simply no corroborating evidence, our review
of the record indicates that Kristina Brown’s statement bore the necessary
indicia of trustworthiness.  First,
Kristina Brown’s guilt for making a false statement to police is not
inconsistent with Appellant’s guilt of evading arrest with a vehicle.  To the contrary, that Appellant is guilty of
evading arrest while driving Kristina Brown’s car is entirely consistent with
an assumption that Kristina Brown is guilty of making a false report to police inasmuch
as her initial report sets forth that her car was stolen, while her subsequent
report sets forth that Appellant took her car and wrecked it.  Moreover, Guthrie testified that Kristina
Brown made two written statements to police and that the second statement was
different from the first statement. 
Further, that Kristina Brown’s statement was made before Appellant was
charged with or arrested for the crime of evading arrest with a vehicle and
that she made the statement to her mother, who was not connected to the
commission of the offense, tends to support the statement’s veracity.  It is also noteworthy that Darla Brown
testified that her daughter was very upset when she made the statement because
she did not want to disappoint her mother, but was admitting to her mother that
she had done what her mother had specifically instructed her not to do by
permitting Appellant to drive her car.

            Finally,
the record contains independent corroborating evidence.  Specifically, the trial court could consider
Kristina Brown’s second written statement to police, which was in evidence and
is part of the record on appeal despite the fact that it was not submitted to
the jury.  In her subsequent written
report, Kristina Brown stated as follows:           

 

My car was gone when
I went outside.  I was asleep when my
boyfriend, Josh Clay, took the car.  He
called my house and told me that he had wrecked it/got in an accident.

 

 

We hold that the trial court did not
abuse its discretion in overruling Appellant’s objection to Darla Brown’s
testimony concerning the aforementioned hearsay statement of Kristina Brown
because the statement amounted to a declaration against interest.  See Tex.
R. Evid. 803(24).  Appellant’s
second issue is overruled.

 

Denial of
Motion for Directed Verdict

            In
his third issue, Appellant contends that the trial court improperly denied his
motion for directed verdict because no witness identified Appellant as the
driver of the vehicle on the date and time in question.  We review the denial of a directed verdict by
a legal sufficiency or “no evidence” standard of review.  Koepke v. State, 84 S.W.3d 393,
395 (Tex. App.–Corpus Christi 2002, pet. denied).

            Legal
sufficiency is the constitutional minimum required by the Due Process Clause of
the Fourteenth Amendment to sustain a criminal conviction.  See Jackson v. Virginia, 443
U.S. 307, 315-16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); see also
Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet.
ref’d).  The standard for reviewing a
legal sufficiency challenge is whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  See Jackson, 443 U.S. at 320,
99 S. Ct. at 2789; see also Johnson v. State, 871 S.W.2d 183, 186
(Tex. Crim. App. 1993).  The evidence is
examined in the light most favorable to the jury’s verdict.  See Jackson, 443 U.S. at 320,
99 S. Ct. at 2789; Johnson, 871 S.W.2d at 186.  A successful legal sufficiency challenge will
result in rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41-42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

            The
sufficiency of the evidence is measured against the offense as defined by a
hypothetically correct jury charge.  See
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would include one that “accurately
sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State’s
theories of liability, and adequately describes the particular offense for
which the defendant is tried.”  Id.  

            In
the case at hand, Appellant argues that no witness identified Appellant as the
driver of the vehicle on the date and time in question.[3]  However, contrary to Appellant’s assertion,
Darla Brown testified that Kristina Brown stated that “Josh had wrecked her
car.”  Darla Brown identified Appellant
as the person to whom her daughter was referring as “Josh.”  Clewis also testified that the driver’s full
name was Joshua Clay.  Therefore, we hold
that the evidence was legally sufficient to support the jury’s verdict.  Appellant’s third issue is overruled.

 

Disposition

            Having
overruled Appellant’s issues one, two, and three, we affirm the
trial court’s judgment.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered March 8, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 








(DO NOT PUBLISH)











[1] Darla Brown is Kristina Brown’s mother.





[2]
Appellant lodged a timely hearsay objection to such testimony, which the trial
court overruled.





[3]
Appellant does not argue that there is no evidence to support the remaining
elements of evading arrest with a vehicle.