NUMBERS

13-09-00470-CV

13-09-00627-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

MARTHA ARANGO AND AMERICARE

NURSING SERVICES, INC.,                                                                
Appellants,

 

v.

 

ANDREA DAVILA,                                                                         Appellee.

                                                                                                                             

 

On appeal from the 139th
District Court

of Hidalgo County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Justices Yañez,[1]
Garza, and Benavides

Memorandum Opinion by
Justice Garza

 




 

            In these two
consolidated appeals, we are asked whether an employer’s duty to provide a safe
workplace may extend to publicly accessible roadways.  The trial court ruled in
this case that it does, in part due to deemed admissions resulting from the
failure of appellants, Martha Arango and Americare Nursing Services, Inc.
(“Americare”), to timely respond to a request for admissions.  See Tex. R. Civ. P. 198.2(c).  A jury then
awarded over $1.8 million dollars in damages to appellee, Andrea Davila.  By
seven issues on appeal, Americare and Arango contend that:  (1) employers have
no duty to make public roadways safe for employees; (2) if an employer does
have such a duty, that duty is non-delegable and does not apply to Arango
individually; (3) the deemed admissions should have been set aside; (4) the
trial court erred by denying their request to designate a responsible third
party; (5) evidence of contributory negligence should have been admitted; (6)
medical expenses written off by health care providers should not have been
included in the damages award; and (7) the trial court erred by assessing
post-judgment discovery sanctions against Arango.  We reverse and remand.

I. 
Background

            Davila, an
in-home nurse employed by Americare, suffered multiple severe injuries on April
13, 2005 when the vehicle she was driving collided head-on with another vehicle
on a public road in Palmview, Texas.  At the time, Davila was traveling from
the home of one patient to the home of another patient.  It is undisputed that
she was in the course of her employment at the time of the collision and that
Americare was a non-subscriber under the Texas Workers’ Compensation Act.  See
Tex. Labor Code Ann. § 406.033
(West 2006).  Davila sued Americare and its president and director, Arango,
asserting claims of negligence, gross negligence, breach of an implied
contract, and fraud, and requesting actual and exemplary damages.

Davila later
propounded a request for admissions on Americare and Arango.  The request asked
for, among other things, the following admissions:  (1) that Americare failed
to provide Davila a safe place to work by “sending [Davila] in[to] an area
which Americare and [Arango] knew or in the exercise of reasonable care should
have known was an area having a high incidence of motor vehicle accidents and
criminal activity”; (2) that Americare “failed to maintain a ‘time management
and travel scheduling system’ which would have prevented [Davila] from being
forced to work in an unsafe environment”; (3) that Americare and Arango
“negligently and with reckless disregard for the rights of [Davila] scheduled
critical home health care visits in a dangerous and unsafe area and in such a
manner as to create an unreasonable risk of harm, injury or death to [Davila]”;
(4) that, “as a direct and proximate cause [sic] of the negligent and reckless
scheduling of critical home health care visits on or about April 13, 2005,
[Davila] was seriously injured by a hit and run driver”; (5) that Americare and
Arango “scheduled an excessive amount of time critical home health care visits
for the sole purpose of maximizing profits for themselves with wanton and
reckless disregard for the safety and welfare of their employees”; (6) that
Americare and Arango “knew or should have known” that such “excessive”
scheduling “created an unreasonable risk of harm, injury or death” to Davila;
and (7) that the “excessive” scheduling of visits “in a dangerous area” caused
the damages sustained by Davila.[2] 
According to Davila, the requests for admissions were served on appellants’
counsel on November 2, 2007; Americare and Arango claim that they were not
served with the requests until “late December 2007.”

Americare and Arango
filed responses to the requests on January 8, 2008, denying or objecting to the
majority of the requests.  They then moved the trial court to “clarify the
status” of the admissions by ruling whether the admissions had been deemed due
to the alleged untimeliness of their responses.  Americare and Arango also asked
the trial court, if it found the admissions deemed, to strike the admissions,
arguing that:  (1) if the responses were untimely served, it was not intentional
but rather “due to an old address being used to serve the request for admissions”;
(2) as soon as counsel for Americare and Arango became aware that responses
were due, he promptly filed responses; (3) Davila “will not be unduly
prejudiced” if the admissions are struck; and (4) “there is good cause for the
court to strike the admissions.”  See Tex.
R. Civ. P. 198.2(c).  The trial court denied both the motion to clarify
and the motion to strike.

A partial instructed
verdict was subsequently entered against Americare and Arango on the issue of
negligence and causation, and only a damages question was submitted to the
jury.  The jury awarded $1,818,606.20 to Davila, including pre-judgment
interest, assessed jointly and severally against Americare and Arango.  Americare
and Arango filed a motion for judgment notwithstanding the verdict contending
that they owed no duty to Davila as a matter of law.  On August 3, 2009, the
trial court entered judgment on the verdict, thereby implicitly denying the
motion for judgment notwithstanding the verdict.  These appeals followed.[3]

II. 
Discussion

A.        Request to
Set Aside Deemed Admissions

We first consider
Americare and Arango’s third issue, by which they argue that the trial court
erred in denying their request to set aside the deemed admissions.  Appellants do not
dispute that Roberto Puente, their attorney at the time Davila’s requests for
admissions were propounded, failed to timely respond to the requests.  The
trial court was therefore correct in considering the admissions deemed.  See
Tex. R. Civ. P. 198.2.  Americare
and Arango argue, however, that the trial court abused its discretion in
declining to permit the withdrawal of the admissions because there was no
evidence that Puente acted with “callous disregard or bad faith” in failing to
timely respond to the requests.

Once an action is
filed, a party can serve written requests for admissions on an adverse party.  Tex. R. Civ. P. 198.1.  When a party
does not serve responses to requests for admissions within thirty days, the
matters in the requests will be deemed admitted against that party.  Tex. R. Civ. P. 198.2; Wal-Mart
Stores, Inc., v. Deggs, 968 S.W.2d 354, 355 (Tex. 1998).  Any matter deemed
admitted is conclusively established unless the court, on motion, permits
withdrawal or amendment of the admission.  Tex.
R. Civ. P. 198.3; Marshall v. Vise, 767 S.W.2d 699, 700 (Tex.
1989).

Withdrawal or
amendment of an admission is permitted on a showing of good cause and a finding
by the trial court that (1) the party relying on the deemed admission will not
be unduly prejudiced, and (2) presentation of the merits of the action will be
served thereby.  Tex. R. Civ. P.
198.3; Deggs, 968 S.W.2d at 356.  “Good cause is established by showing
that the failure involved was an accident or mistake, not intentional or the
result of conscious indifference.”  Wheeler v. Green, 157 S.W.3d 439, 442
(Tex. 2005).  “Even a slight excuse will suffice, especially when delay or
prejudice to the opposing party will not result.”  Boulet v. State, 189
S.W.3d 833, 836 (Tex. App.–Houston [1st Dist.] 2006, no pet.); Spiecker v.
Petroff, 971 S.W.2d 536, 538 (Tex. App.–Dallas 1997, no writ).  The party seeking withdrawal of deemed admissions has the
burden to establish good cause.  Id. (citing Webb v. Ray, 944
S.W.2d 458, 461 (Tex. App.–Dallas 1997, no writ)).  “Undue prejudice depends on
whether withdrawing an admission or filing a late response will delay trial or
significantly hamper the opposing party’s ability to prepare for it.”  Id.
at 836-37 (citing Wheeler, 157 S.W.3d at 443).

We will not set aside
a trial court’s ruling to permit or deny the withdrawal of deemed admissions
unless we find an abuse of discretion.  Stelly v. Papania, 927 S.W.2d
620, 622 (Tex. 1996); Boulet, 189 S.W.3d at 837.  Although a trial court
has broad discretion to permit or deny the withdrawal of deemed admissions, it
cannot do so arbitrarily, unreasonably, or without reference to guiding rules
or principles.  Boulet, 189 S.W.3d at 837 (citing Wheeler, 157
S.W.3d at 444).  Among those “guiding rules and principles” is the notion that,
“absent flagrant bad faith or callous disregard for the rules, due process bars
merits-preclusive sanctions.”  Wheeler, 157 S.W.3d at 443.  Moreover,
“[d]iscovery sanctions cannot be used to adjudicate the merits of a party’s
claims or defenses unless a party’s hindrance of the discovery process
justifies a presumption that its claims or defenses lack merit.”  TransAmerican
Natural Gas Corp. v. Powell, 811 S.W.2d 913, 918 (Tex. 1991).

According to Davila,
the requests at issue were sent to Puente by certified mail, return receipt
requested, on November 2, 2007.  The requests were sent to Puente’s address as
contained in the court’s file; however, Puente had since moved from that
address and did not file a notice of address change.  The return receipt was
signed by Emilia Puente, Roberto Puente’s mother, and indicated that the item
was delivered on December 10, 2007.[4] 
The responses were therefore due on January 10, 2008.  See Tex. R. Civ. P. 198.2(a).  No responses
were served on Davila’s counsel by that date.

Later in 2008, Puente
withdrew as counsel for Americare and Arango.  Appellants’ substitute counsel,
Peter Ferraro, then filed the above-referenced motion to clarify or strike the deemed
admissions.  At a hearing on September 18, 2008, Ferraro stated that, when he
took over the case file, he noticed a copy of what appeared to be responses to Davila’s
requests for admissions dated January 8, 2008.  He then prepared an affidavit,
which was signed by Puente, stating that the responses had in fact been sent to
Davila’s counsel on January 8.  Subsequently, after realizing that Davila’s
counsel had not in fact received any response to the requests, Ferraro moved to
withdraw Puente’s original affidavit and submitted a revised affidavit stating
that Puente was unsure whether the responses had in fact been sent to Davila’s
counsel.

Davila contends on
appeal that the conduct of attorneys Puente and Ferraro evinces both “flagrant
bad faith” and “callous disregard for the rules,” thereby authorizing
merits-preclusive sanctions.  We disagree.  There is no evidence in the record establishing
that Puente knew of the due date for responding to the requests for admission,
nor is there any indication that Puente intentionally signed the original
affidavit knowing it was false, or that Ferraro prepared the affidavit knowing
it was false.  Moreover, there is no evidence that Puente’s failure to timely
respond to the requests for admission—which resulted in predictably severe
deleterious effects to his client’s defense—was in any way intentional or the
result of conscious indifference.  See Wheeler, 157 S.W.3d at 442. 
Davila emphasizes the fact that, in his two affidavits, Puente gave two
contradictory explanations for why no timely responses were filed.  However,
without any plausible explanation for why Puente would have intentionally or
consciously refused to respond to the requests for admissions, we must consider
Puente’s contradictory affidavits to be merely the product of mistake or negligence,
not intent.  Under these circumstances, Americare and Arango should not be
punished for their counsel’s mistakes.  See TransAmerican Natural Gas Corp.,
811 S.W.2d at 917 (“[A] party must bear some responsibility for its counsel’s
discovery abuses when it is or should be aware of counsel’s conduct and the
violation of discovery rules.  On the other hand, a party should not be
punished for counsel’s conduct in which it is not implicated apart from having
entrusted to counsel its legal representation.”).

We find that
Americare and Arango met their burden to show good cause for setting aside the
deemed admissions, and that there is no evidence of flagrant bad faith or
callous disregard for the rules.  See Wheeler, 157 S.W.3d at 443. 
Additionally, merits-preclusive sanctions are inappropriate in this case
because there is nothing in the record that would “justif[y] a presumption that
[Americare and Arango’s] defenses lack merit.”  See TransAmerican
Natural Gas Corp., 811 S.W.2d at 918.  The trial court therefore abused its
discretion by denying appellants’ request to set aside the deemed admissions.[5]
 We sustain appellants’ third issue.

B.        Duty as a
Matter of Law

By their first issue,
Americare and Arango argue that, as a matter of law, employers have “no duty to
their employees to make public roadways safe or to warn of dangerous
neighborhoods surrounding those roadways.”  They further contend that, “because
the existence of a duty is a legal question for the court, the deemed
admissions in this case have no effect on question of duty.”  We construe this
issue as a challenge to the trial court’s granting of Davila’s motion for
partial directed verdict on the issue of liability and its denial of Americare
and Arango’s motion for judgment notwithstanding the verdict.

In a negligence case,
the existence of a duty is typically a threshold question of law which the trial court decides based on the particular facts
surrounding the occurrence in question.  Van
Horn v. Chambers, 970 S.W.2d 542, 544 (Tex. 1998); Centeq Realty, Inc.
v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995); Nat’l Convenience
Stores, Inc. v. Matherne, 987 S.W.2d 145, 148 (Tex. App.–Houston [14th
Dist.] 1999, no pet.).  If there is no duty, liability for negligence cannot
exist.  Thapar v. Zezulka, 994 S.W.2d 635, 637 (Tex. 1999).  “[F]actors
which should be considered in determining whether the law should impose a duty
are the risk, foreseeability, and likelihood of injury weighed against the
social utility of the actor’s conduct, the magnitude of the burden of guarding
against the injury and consequences of placing that burden on the employer.”  Nabors
Drilling, Inc. v. Escoto, 288 S.W.3d 401, 405 (Tex. 2009) (citing Otis
Eng’g
Corp. v. Clark,
668 S.W.2d 307, 309 (Tex. 1983)).  Foreseeability of the risk has been called
the “foremost and dominant consideration” in the duty analysis.  El Chico
Corp. v. Poole, 732 S.W.2d 306, 311 (Tex. 1987).  The test for
foreseeability is what a party should, under the circumstances, reasonably
anticipate as a consequence of its conduct.  J.P. Morgan Chase Bank, N.A. v.
Tex. Contract Carpet, Inc., 302 S.W.3d 515, 533 (Tex. App.–Austin 2009, no
pet.) (citing Foster v. Denton Indep. Sch. Dist., 73 S.W.3d 454, 465
(Tex. App.–Fort Worth 2002, no pet.)).

“Though the existence
of duty is a question of law when all of the essential facts are undisputed,
when the evidence does not conclusively establish the pertinent facts or the
reasonable inferences to be drawn therefrom, the question becomes one of fact
for the jury.”  Bennett v. Span Indus., Inc., 628 S.W.2d 470, 474 (Tex.
App.–Texarkana 1981, writ ref’d n.r.e.); see Mitchell v.
Mo.-Kan.-Tex. R.R. Co., 786 S.W.2d 659, 662 (Tex. 1990) (“While
foreseeability as an element of duty may frequently be determined as a matter
of law, in some instances it involves the resolution of disputed facts or
inferences which are inappropriate for legal resolution.”), overruled on
other grounds by Union Pac. R.R. Co. v. Williams, 85 S.W.3d 162 (Tex. 2002).

We have already
determined that the trial court erred in refusing to set aside the deemed
admissions.  Barring consideration of those admissions, the “essential facts”
of the case—including facts pertinent to the question of whether Americare and
Arango could have reasonably foreseen Davila’s accident—remain disputed by the
parties.  See Bennett, 628 S.W.2d at 474; see also Mitchell,
786 S.W.2d at 662.  Because there is a fact issue as to the existence of a
duty, the trial court therefore erred in granting Davila’s motion for directed
verdict on the issue of liability.[6] 
See Koepke v. Martinez, 84 S.W.3d 393, 395 (Tex. App.–Corpus Christi
2002, pet. denied) (“A directed verdict is proper when . . . the evidence
conclusively proves a fact that establishes a party’s right to judgment as a
matter of law . . . .”).  For the same reason, the trial court did not err in
denying Americare and Arango’s motion for judgment notwithstanding the
verdict.  See Tex. R. Civ. P. 301
(“[T]he court may render judgment non obstante veredicto if a directed verdict
would have been proper . . . .”).

We note that, because
the deemed admissions were considered by the trial court to have conclusively
established the issues of liability and causation, Davila was not afforded the
opportunity to present evidence at trial on those issues.  Accordingly, the
appropriate disposition is to remand the case for a new trial so that Davila may
have that opportunity.  See Knapp v. Wilson N. Jones Mem’l Hosp., 281
S.W.3d 163, 176 (Tex. App.–Dallas 2009, no pet.) (“Appellate courts have broad
discretion to remand a case for a new trial in the interest of justice. . . . 
Remand is appropriate when, for any reason, a case has not been fully
developed.”).

Appellants’ first
issue is sustained in part.[7]

C.        Delegability
of Duty

            By their
second issue, Americare and Arango assert that, even if Americare did owe a
duty to Davila under the circumstances of this case, that duty is non-delegable
to Arango.  Arango argues that she is entitled to judgment as a matter of law because
“an officer of the employer has no independent duty to a fellow employee to
provide a safe place to work.”

            Appellants
are correct that, “[w]hen the employer is a corporation, the law charges the
corporation itself, not the individual corporate officer, with the duty to
provide the employee a safe workplace.”  Leitch v. Hornsby, 935 S.W.2d
114, 117 (Tex. 1996).  However, individual liability may arise if the corporate
officer owes an independent duty of reasonable care to the injured party apart
from the employer’s duty.  Id. (citing Werner v. Colwell, 909
S.W.2d 866, 868 (Tex. 1995)).  “An officer or any other agent of a corporation
may be personally as responsible as the corporation itself for tortious acts
when participating in the wrongdoing.”  Permian Petroleum Co. v. Barrow,
484 S.W.2d 631, 634 (Tex. Civ. App.–El Paso 1972, no writ).  An officer or
agent of a corporation is always primarily liable for her own torts, even
though the principal is also liable, but she cannot be held liable for a wrong
in which she has not participated.  Id. 

            Davila’s
live pleading asserted identical allegations as to both Arango and her
corporate employer, Americare.  Although the general duty to provide a safe
workplace is not applicable to Arango, see Leitch, 935 S.W.2d at
117, that does not establish conclusively that Arango owed no duty to Davila as
a matter of law.  Arango may have owed a duty to Davila—independent of the
employer’s duty to provide a safe workplace—if she could have reasonably
foreseen that her actions could lead to Davila’s accident.  The issue of
whether such a duty existed—along with the issues of whether a breach of any
duty occurred and if so, whether the breach caused Davila’s damages—are in dispute
and must be left to the jury to decide.  See Bennett, 628 S.W.2d at 474; see
also Mitchell, 786 S.W.2d at 662.  We conclude that Arango was not entitled
to judgment as a matter of law on this basis, and we overrule appellants’
second issue.

D.        Request to
Designate Responsible Third Party

            By their fourth
issue, Americare and Arango argue that the trial court erred by denying their
motion for leave to designate the hit-and-run driver who collided with Davila
as a responsible third party.  We review a trial court’s denial of such a
motion for abuse of discretion.  MCI Sales & Serv. v. Hinton, 272
S.W.3d 17, 36 (Tex. App.–Waco 2008), aff’d, 329 S.W.3d 475 (Tex. 2010); In
re Arthur Anderson, 121 S.W.3d 471, 483-85 (Tex. App.–Houston [14th Dist.]
2003, orig. proceeding).

            Section
33.004 of the Texas Civil Practice and Remedies Code sets forth the procedure a
defendant must follow if it wishes to designate a responsible third party.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 33.004 (West 2008).  Under the statute, a motion to designate a responsible
third party “must be filed on or before the 60th day before the trial date
unless the court finds good cause to allow the motion to be filed at a later
date.”  Id. § 33.004(a).  The trial court must grant the motion unless
the plaintiff files an objection and establishes that the defendant, after
being given the opportunity to replead, “did not plead sufficient facts
concerning the alleged responsibility of the person to satisfy the pleading
requirement of the Texas Rules of Civil Procedure.”  Id. § 33.004(g).  Subsection
(j) of the statute further provides:

Notwithstanding any other provision of
this section, if, not later than 60 days after the filing of the defendant's
original answer, the defendant alleges in an answer filed with the court that
an unknown person committed a criminal act that was a cause of the loss or
injury that is the subject of the lawsuit, the court shall grant a motion for
leave to designate the unknown person as a responsible third party if:

 

(1)         
the court
determines that the defendant has pleaded facts sufficient for the court to
determine that there is a reasonable probability that the act of the unknown
person was criminal;

 

(2)         
the defendant has
stated in the answer all identifying characteristics of the unknown person, known
at the time of the answer; and

 

(3)         
the allegation
satisfies the pleading requirements of the Texas Rules of Civil Procedure.

 

Id. § 33.004(j).

Americare and Arango first
moved for leave to designate a responsible third party on August 7, 2008, which
was less than sixty days prior to the originally scheduled trial date of
September 15, 2008.  In the motion, Americare and Arango claimed that an
“unknown hit and run driver . . . was indeed the cause of this accident” and asked
the trial court for leave to file the motion late “for good cause shown as the
circumstances of the second driver [i.e., the driver that collided with Davila]
were ascertained in the responses to Defendants[’] written discovery on or
about July 21, 2008.”  See id. § 33.004(a).  The trial court denied the
motion on September 3, 2008.  Trial was subsequently postponed and did not take
place until June 9, 2009.

On September 16, 2008,
Americare and Arango filed amended answers that, for the first time, alleged
that an unknown third party committed a criminal act that caused
Davila’s injuries.  See id. § 33.004(j).  Also on that day, Americare
and Arango urged the trial court to reconsider their motion to designate a
responsible third party; the trial court declined that request.

Americare and Arango
argue on appeal that the trial court abused its discretion in denying their
original motion because, even though it was filed within sixty days of the
trial setting, “there is no dispute a third party was directly responsible for
Ms. Davila’s injuries” and Americare and Arango “asked for leave to designate
this party several months before the trial” eventually occurred.  In response, Davila
notes that the amended answers—the first to allege that an unknown party’s criminal
act was the cause of Davila’s injuries—were not filed within sixty days of the
defendants’ original answer.  Davila also argues that, even if the original
motion to designate is considered timely because trial did not take place until
ten months after the motion was filed, see id. § 33.004(a), the trial
court did not abuse its discretion in denying the motion because the motion did
not identify the alleged responsible third party by name.

We agree with Davila
on both points.  First, there is no dispute that the amended answers, filed on
September 16, 2008, were filed well outside the sixty-day window provided by
subsection (j) of the statute.  See id. § 33.004(j).  Accordingly, the
trial court did not abuse its discretion by denying Americare and Arango’s
request pursuant to that subsection.  Second, we agree that subsection (j) is
the exclusive means by which defendants may designate “unknown,” rather than
named, responsible third parties.  In In re Unitec Elevator Services,
the First Court of Appeals was similarly asked whether defendants could, under
section 33.004, designate unknown responsible third parties even though the
defendants first alleged that the criminal acts of unknown third parties were
responsible for the plaintiff’s injuries more than sixty days after the
defendants’ original answer.  178 S.W.3d 53, 60 (Tex. App.–Houston [1st Dist.]
2005, orig. proceeding).  In construing the statute, the court found that:

the statute clearly and unambiguously
requires a defendant seeking to designate an unknown person as a responsible
third party, based on the person’s commission of criminal acts causing the loss
or injury that is the subject of the lawsuit, to file an answer containing such
allegations no later than sixty days from filing its original answer.

 

Id. at 61.  The court
reasoned as follows:

While revised section 33.004 clearly
recognizes the right of a defendant to submit an unknown person as a
responsible third party to a jury for the jury’s apportionment of
responsibility, subsection (j) provides that as a prerequisite to designating
such an unknown person, a defendant must comply with certain pleading
requirements likely designed to furnish the other parties with notice that the
defendant intends to assert that the claimant’s injuries were caused by an
unknown criminal.  Relators’ argument, that subsection (j) merely affords a
defendant an additional and independent means to designate unknown persons as
responsible third parties, would render the pleading deadlines imposed in
subsection (j) meaningless.  A defendant would never have an incentive to
comply with the pleading requirement in subsection (j) when it could simply
wait to designate the unknown person sixty days before trial, and obtain a
strategic advantage not intended by the legislature.

 

Id.[8]  The court thus
concluded that “[t]he structure of section 33.00[4] indicates that the
legislature intended to prescribe different procedures for designating named
and unnamed persons.”  Id. at 61 n.8.  We agree with that conclusion. 
Therefore, we find that the trial court did not abuse its discretion in denying
the original motion to designate, because, even assuming the motion was timely
filed, it impermissibly sought to designate an unknown, rather than named,
responsible third party.  See id.

            Americare
and Arango’s fourth issue is overruled.

E.        Evidence of
Contributory Negligence

            By their fifth
issue, appellants argue that Arango should have been permitted to introduce
evidence of contributory negligence “based on Americare’s non-subscriber status
under the Texas Workers’ Compensation Act.”  They argue that the trial court
erroneously denied their motion for new trial on this basis.  We review a trial
court’s denial of a motion for new trial for abuse of discretion.  In re
R.R., 209 S.W.3d 112, 114 (Tex. 2006).

            Appellants
specifically contend that Americare was Davila’s “employer” and Arango was not
Davila’s “employer”; therefore, according to appellants, while Americare was
not permitted to raise the defense that Davila was guilty of contributory
negligence, Arango should have been afforded that opportunity.  See Tex. Labor Code Ann. § 406.033(a)(1)
(prohibiting an “employer” who does not elect to have workers’ compensation
insurance coverage from raising a defense that the employee was guilty of
contributory negligence).  However, Davila sued Arango individually and alleged
that Arango was doing business under the assumed name of Americare.  Crucially,
Arango did not file a verified denial that she was doing business under that
assumed name.  See Tex. R. Civ.
P. 93(2), (14) (requiring verification by affidavit of any pleading that
“the defendant is not liable in the capacity in which [s]he is sued” or that “a
party plaintiff or defendant is not doing business under an assumed name or
trade name as alleged.”).[9] 
We accordingly conclude, based on the record before us, that the trial court
did not abuse its discretion in determining that Arango was Davila’s “employer”
and therefore could not introduce evidence of Davila’s contributory
negligence.  We overrule appellants’ fifth issue.

F.         Medical
Expenses

            By their sixth
issue, Americare and Arango argue that certain medical expenses were improperly
included in the award of damages.  Specifically, appellants contend that the
trial court, in rendering judgment on the verdict, should have excluded from
the damages award amounts that were allegedly written off by health care
providers.[10]

            Section
41.0105 of the civil practice and remedies code provides that, “[i]n addition
to any other limitation under law, recovery of medical or health care expenses
incurred is limited to the amount actually paid or incurred by or on behalf of
the claimant.”  Tex. Civ. Prac. &
Rem. Code Ann. § 41.0105 (West 2008).  The courts of appeal that have
considered this issue have unanimously held that the phrase “actually paid or
incurred” does not include expenses adjusted or “written off” by health care
providers because neither the claimant nor anyone acting on the claimant’s behalf
will ultimately be liable for paying those amounts.  See Matbon, Inc. v.
Gries, 288 S.W.3d 471, 480 (Tex. App.–Eastland 2009, no pet.); De
Escabedo v. Haygood, 283 S.W.3d 3, 7 (Tex. App.–Tyler 2009, no pet.); Tate
v. Hernandez, 280 S.W.3d 534, 541 (Tex. App.–Amarillo 2009, no pet.); Mills
v. Fletcher, 229 S.W.3d 765, 769 (Tex. App.–San Antonio 2008, no pet.).  We
agree with our sister courts and hold that charges written off by health care
providers are not recoverable under section 41.0105.  Appellants’ sixth issue
is sustained.  On remand, the trial court is instructed either:  (1) to instruct
the jury that amounts written off by health care providers may not be included
in the damages award; or (2) if such damages are eventually included in the
damages award, to reduce the damages award by such amounts.

G.        Post-Judgment
Discovery Sanctions

            By their
seventh issue on appeal, Americare and Arango contend that the trial court
erred in assessing post-judgment discovery sanctions against them.  We review a
post-judgment sanctions order, as well as a ruling regarding the sufficiency of
a supersedeas bond, for abuse of discretion.  See Darya, Inc. v. Christian,
251 S.W.3d 227, 332 (Tex. App.–Dallas 2008, no pet.) (sanctions); In re
Kajima Int’l, Inc., 139 S.W.3d 107, 112 (Tex. App.–Corpus Christi 2004,
orig. proceeding) (sufficiency of bond).

On October 2, 2009,
after the trial court rendered its judgment, Americare and Arango posted a
supersedeas bond in the amount of $2,000,467, representing the damages awarded
and anticipated interest pending appeal.  See Tex. R. App. P. 24.1(a)(2) (permitting a judgment debtor to
supersede the judgment pending appeal by filing a good and sufficient bond with
the trial court clerk).  The trial court found the bond to be insufficient.[11] 
See Tex. R. App. P. 24.2
(stating that the amount of the bond must equal the sum of compensatory
damages, interest during the appeal, and costs, but must not exceed the lesser
of (A) fifty percent of the judgment debtor’s net worth or (B) twenty-five
million dollars).  The trial court further ordered Americare and Arango to
respond to outstanding discovery requests regarding Arango’s net worth, and
ordered Arango to appear for deposition.[12] 
Americare and Arango then filed a second bond on October 20, 2009, which the
trial court also found to be insufficient.[13] 
The trial court again ordered Americare and Arango to respond to discovery
requests, appear for deposition, and pay fines of $1,000 per day.  Arango’s
deposition was scheduled to be taken on November 4, 2009, but she did not
appear.  That same day, Americare and Arango filed a third supersedeas bond and
sought protection from the pending discovery order.[14] 
The trial court again found the bond insufficient and ordered Arango to pay
$19,000 in sanctions, representing $4,000 in per diem fines and $15,000 in
attorney’s fees.  The trial court finally approved a supersedeas bond on
November 12, 2009.

            Americare
and Arango contend that the award of sanctions was an abuse of discretion by
the trial court because the second and third bonds were in fact sufficient, and
therefore, Arango’s net worth was irrelevant.  We agree.  A sufficient surety is
an entity or individual that is a legal entity, separate from the judgment
debtor and not a party to the suit, whose solvency and ability to pay the
judgment are established.  TransAmerican Natural Gas Corp. v. Finkelstein,
905 S.W.2d 412, 414 (Tex. App.–San Antonio 1995, writ dism’d).  The trial court
found that the second and third bonds were insufficient because they did not
state on their face which portion of the judgment each co-surety would pay in
the event the appeal failed, and because one of the sureties was limited to
paying only $831,000, which is far less than the total required amount of the
bond.  However, nothing in the applicable rules requires that a specific
apportionment between co-sureties appear on the face of the bond, and, in fact,
the law implies a particular apportionment that is adequate to protect Davila. 
Cf. Tex. R. App. P. 24.1(e)
(authorizing the trial court to “make any order necessary to adequately protect
the judgment creditor against loss or damage that the appeal might cause”). 
Under the general rule set forth in the Restatement (Third) of Suretyship and
Guaranty, “a cosurety’s contributive share is the aggregate liability of the
cosureties to the obligee divided by the number of cosureties.”  Restatement (Third) of Suretyship and Guaranty
§ 57(1) (1996).   In other words, if the bond does not provide contrary terms,
a court will assume that each of two co-sureties is liable for half of the bond
amount.  However, if, as here, a co-surety’s liability is limited to less than
its contributive share, “[t]he contributive shares of the other cosureties are
recalculated by subtracting from the aggregate liability of the cosureties the
contributive share of the secondary obligor whose obligation is so limited, and
dividing by the number of cosureties whose obligations are not so limited.”  Id.
§ 57(2)(a).  Here, although one of the co-sureties was limited in its liability
to $831,000, the other co-surety was not so limited, and the total amount
payable by both co-sureties exceeded the amount of the bonds.  Therefore, the
October 20, 2009 bond was adequate to protect Davila, and the trial court
abused its discretion in determining that it was insufficient.  See Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (“A trial court has no ‘discretion’
in determining what the law is or applying the law to the facts.  Thus, a clear
failure by the trial court to analyze or apply the law correctly will constitute
an abuse of discretion . . . .”).

Because the October
20, 2009 bond should have been ruled sufficient, the discovery order was
therefore unwarranted, and the trial court’s award of sanctions for violating
that discovery order also constituted an abuse of discretion.  We sustain appellants’
seventh issue.

III. 
Conclusion

            We
reverse the judgments of the trial court, including its order of post-judgment
discovery sanctions, and we remand for a new trial consistent with this
opinion.

 

 

________________________

DORI CONTRERAS GARZA

Justice

 

Delivered
and filed the

19th
day of May, 2011.

 









[1]
The Honorable Linda Reyna Yañez, former Justice of this Court, was a member of
the panel at the time this case was argued and submitted for decision, but did
not participate in deciding the case because her term of office expired on
December 31, 2010.  See Tex. R.
App. P. 41.1.





[2]
The requested admissions largely tracked the allegations made in Davila’s fifth
amended petition.





[3]
In appellate cause number 13-09-00627-CV,
Americare and Arango challenge the trial court’s August 3, 2009 judgment
awarding damages to Davila.  In appellate cause number 13-09-00470-CV, they
seek to reverse the trial court’s subsequent judgment, dated November 6, 2009,
awarding discovery sanctions to Davila.  The post-judgment discovery sanctions
order is fully addressed below.  See infra section II.C.





[4]
The parties do not explain, and the record does not reveal, why it took over a
month for the requests for admissions to be delivered.





[5]
Davila argues that she would be unduly prejudiced by the withdrawal of the
deemed admissions because withdrawal “would have amounted to an almost-complete
restarting of the litigation more than four full years after the accident
giving rise to the suit occurred.”  Americare and Arango contend, to the
contrary, that requiring a party to “actually prove its case rather than rely
on deemed admissions” does not constitute undue prejudice.  Cudd v.
Hydrostatic Transmission, Inc., 867 S.W.2d 101, 105 (Tex. App.–Corpus
Christi 1993, no writ).  However, we need not determine whether the lack of
undue prejudice has been established in this case because, as noted, when
deeming admissions results in precluding the presentation of the merits of the
case, as here, constitutional due process requires the admissions to be
withdrawn if there is no evidence of “bad faith or callous disregard for the
rules.”  See Wheeler v. Green, 157 S.W.3d 439, 443 (Tex. 2005).





[6]
Although the issue of foreseeability is presently disputed by the parties, we
do not intend to imply that the issue must necessarily be submitted to the jury
for its consideration.  For example, given our ruling that the deemed
admissions must be set aside, nothing prevents Americare and Arango from filing
a motion for no-evidence summary judgment once the case is remanded to the
trial court.  If such a motion is found to be meritorious, judgment must be
rendered for Americare and Arango as a matter of law, and there would be no
question of fact remaining for the jury.  See Tex. R. Civ. P. 166a(i).

 





[7]
Americare and Arango argue that the deemed admissions in the case cannot be
used to establish the existence of a duty, because whether a duty existed is a
pure matter of law.  We have already concluded that the deemed admissions
should have been set aside.  Nevertheless, we recognize that the rule regarding
requests for admissions does not contemplate or authorize admissions to
questions involving points of law.  Boulet v. State, 189 S.W.3d 833, 838
(Tex. App.–Houston [1st Dist.] 2006, no pet.) (citing Gore v. Cunningham,
297 S.W.2d 287, 291 (Tex. Civ. App.–Beaumont 1956, writ ref’d n.r.e.)). 
Accordingly, responses to requests for admissions merely constituting
admissions of law are not binding.  Id. (citing Am. Title Co. v.
Smith, 445 S.W.2d 807, 809-10 (Tex. Civ. App.–Houston [1st Dist.] 1969, no
writ)).  Here, however, the question of whether a duty existed was a mixed
question of law and fact.  See Mitchell v. Mo.-Kan.-Tex. R.R. Co.,
786 S.W.2d 659, 662 (Tex. 1990) (“While foreseeability as an element of duty
may frequently be determined as a matter of law, in some instances it involves
the resolution of disputed facts or inferences which are inappropriate for
legal resolution.”).  If, at a full trial on the merits, Davila is able to
prove that Americare and Arango reasonably foresaw that scheduling home health
care visits in the vicinity of the accident was likely to result in injury to
Davila, then she will have shown that Americare and Arango owed a duty to her. 
Similarly, if Davila can prove that appellants reasonably foresaw that
scheduling “excessive” visits would likely result in injury to Davila, then she
will have met her burden.





[8]
The Unitec court explained that the statute imposes more onerous
requirements when a defendant seeks to designate an unknown, rather than a
named, responsible third party:

 

Subsection (j)
expressly applies to the designation of unknown persons as responsible third
parties, and, even absent an objection, requires a defendant seeking to
designate an unknown person to satisfy specific pleading requirements before a
trial court may grant a motion for leave to designate.  Tex. Civ. Prac. & Rem. Code Ann. § 33.004(j).  Subsection
(f), on the other hand, expressly applies to the designation of named persons,
and compels a trial court to grant a motion to designate a named person unless
an objection is filed.  [Id.] § 33.004(f).

 

In re Unitec Elevator Servs.,
178 S.W.3d 53, 61 n.8 (Tex. App.–Houston [1st Dist.] 2005, orig. proceeding).





[9]
We note that there is nothing preventing Arango from filing such a verified
denial on remand, nor is there anything preventing Arango from presenting
evidence at the new trial that she was not, in fact, Davila’s employer.  In any
event, it will be the responsibility of the trial court to determine whether
Arango was Davila’s employer based upon all the evidence adduced at the new
trial.

 





[10]
Americare and Arango also appear to complain by their sixth issue that the
damages award improperly included “expenses that were paid on Ms. Davila’s
behalf by Americare’s insurance.”  However, Americare and Arango do not provide
any argument or authority with respect to this complaint.  Therefore, it has
been waived.  See Tex. R. App. P.
38.1(i).





[11]
The trial court specifically found that the surety on the original bond,
Insurors Indemnity Company (“IIC”), was only authorized to write bonds up to a
maximum of $831,000.  Further, though IIC was re-insured by General Reinsurance
Company (“GRC”) for the balance of the bond, nothing on the face of the bond
obligated GRC to pay any part of the judgment.

 





[12]
On October 30, 2009, Americare and Arango filed an emergency motion with this
Court to vacate the trial court’s October 26, 2009 order determining that the
first supersedeas bond was insufficient and ordering discovery.  On November 3,
2009, we denied appellants’ request to vacate the trial court’s finding and
discovery order, but we granted appellants’ request to stay execution on the
judgment for twenty days “to allow appellants time to file a good and
sufficient bond, the sufficiency of which shall be determined by the trial
court.”

 





[13]
Unlike the original bond, the October 20, 2009 bond explicitly stated that both
IIC and GRC are co-sureties.

 





[14]
IIC and GRC were also co-sureties on the third bond.